THE STATE, EX REL. FERRELL, APPELLANT, *v.* CLARK, JUDGE, APPELLEE.

[Cite as State, ex rel. Ferrell, *v.* Clark (1984), 13 Ohio St. 3d 3.]

(No. 84-44—Decided October 10, 1984.)

*Mr. Jerry D. Ferrell, pro se.*

*Per Curiam.* The court of appeals denied the writ, stating, "[a]n adequate remedy at law exists by way of appeal," without further explanation.

The record before the court of appeals contained no more than is before this court, namely, a copy of appellee's entry which contains no findings of fact or conclusions of law.

In *State* v. *Mapson* (1982), 1 Ohio St. 3d 217, 218, we held that "* * * R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the period for filing an appeal therefrom."

In view of this holding, appellee's order of June 15, 1983 was not a final, appealable order, and appellant did not have a remedy by way of appeal.

Mandamus will lie to compel a court to proceed to final judgment in an action for post-conviction relief. *State, ex rel. Turpin,* v. *Court of Common Pleas* (1966), 8 Ohio St. 2d 1 [37 O.O.2d 40].

Accordingly, the judgment of the court of appeals is reversed and the writ is allowed.

*Judgment reversed and*
*writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.