OPINION
{¶ 1} On January 18, 2002, the trial court entered judgments (1) overruling Defendant's several motions to withdraw his guilty pleas and (2) denying his motion for findings of fact and conclusions of law with respect to the court's dismissal of his petition for post-conviction relief some months before. Defendant, Zeke T. Grigsby, has appealed from those judgments.
 {¶ 2} On review, we find that we lack jurisdiction to determine Defendant's claims with respect to his petition for post-conviction relief because the trial court's January 18, 2002 entry was not a final appealable order with respect to the issue presented. However, we find that the trial court erred when it overruled Defendant's motions to withdraw his guilty pleas absent a hearing on the motions, and we will reverse that order and remand the case for those proceedings.
 {¶ 3} Defendant was charged in Greene County Common Pleas Court case number 99-CR-32 with abduction and domestic violence. He was also charged in case number 99-CR-422 with disrupting public services. A jury trial commenced on November 8, 1999. On the second day of trial, Defendant entered negotiated guilty pleas to the abduction and domestic violence charges and a no contest plea to the disrupting public services charge. In exchange, the State recommended a sentence of community control on the abduction and domestic violence offenses and six months imprisonment for the disrupting public services offense.
 {¶ 4} At the plea hearing the trial court told Defendant before it accepted his pleas that, while it would consider the State's sentencing recommendations, the court would not be bound by those recommendations and would itself decide what sentence to impose. Defendant said he understood. The trial court then accepted Defendant's pleas, found him guilty as charged, and referred the matter for a presentence investigation.
 {¶ 5} At the sentencing hearing on January 12, 2000, the trial court did not accept the State's recommendation. Instead, the court sentenced Defendant to concurrent prison terms of four years for abduction, six months for domestic violence, and seventeen months for disrupting public services.
 {¶ 6} The following day, January 13, 2000, Defendant moved to withdraw his guilty and no contest pleas, claiming that those pleas were not knowingly and voluntarily entered. Defendant claimed that his pleas were induced by promises the court had made but not kept. Defendant's trial counsel, Victor Hodge, averred in an affidavit that, as part of the plea discussions, the trial court had assured him that in exchange for Defendant's pleas the court would impose the sentence recommended by the State. Defense counsel then relayed that promise to Defendant, and Defendant subsequently entered his guilty pleas based upon the court's promise.
 {¶ 7} The trial court didn't rule on Defendant's January 13, 2000 motion to withdraw his guilty pleas, possibly because Defendant had timely appealed to this court from his convictions and sentences. We subsequently affirmed. See State v. Grigsby (Oct. 13, 2000), Greene App. No. 2000-CA-12. While Defendant's appeal was pending, he filed a petition for post-conviction relief in the trial court. As grounds for relief, Defendant alleged that his due process rights were violated because the trial court failed to give him notice that it would deviate from the agreed sentence before he entered his guilty pleas.
 {¶ 8} On February 15, 2001, the trial court summarily dismissed Defendant's petition without a hearing. The trial court concluded that Defendant's claim for relief was barred by res judicata because that same claim had been raised in Defendant's direct appeal as the third assignment of error and rejected. Defendant did not timely appeal from the trial court's dismissal of his petition for post-conviction relief.
 {¶ 9} Almost one year later, on January 11, 2002, Defendant filed a motion in the trial court requesting findings of fact and conclusions of law with respect to the trial court's dismissal of his post-conviction petition. On January 14, 2002, Defendant filed a second motion to withdraw his guilty pleas, raising the same claim as before, that those pleas were induced by and entered on the understanding that the trial court promised to impose the specific sentences recommended by the State as part of the plea agreement. The trial court summarily overruled both of these motions on January 18, 2002. Defendant timely appealed to this court from that decision.
 {¶ 10} We shall address Defendant's claims in the order that best facilitates our review.
 SECOND ASSIGNMENT OF ERROR {¶ 11} "The trial court erred in failing to issue findings of fact and conclusions of law in support of the denial of appellant's petition for post-conviction relief."
 {¶ 12} When a trial court dismisses a petition for post-conviction relief on its merits, the court is required to state findings of fact and conclusions of law that support its judgment. State v. Lester (1975),41 Ohio St.2d 51; State v. Mapson (1982), 1 Ohio St.3d 217; State v.Calhoun, 86 Ohio St.3d 279, 1999-Ohio-102; R.C. 2953.21(C). Two main policy considerations underlie the requirement: (1) to make the petitioner aware of the grounds for the trial court's judgment, and (2) to provide a sufficient record to enable meaningful appellate review of the trial court's decision. Mapson, supra. If the trial court dismisses a petition for post-conviction relief without conducting an evidentiary hearing and without making the required findings of fact and law, the trial court's decision does not constitute a valid judgment and final order from which an appeal can be taken. State ex rel. Ferrell v. Clark (1984),13 Ohio St.3d 3; State v. Johnson (Aug. 7, 1998), Montgomery App. No. 16803. See also Mapson, supra.
 {¶ 13} In its February 15, 2001 judgment dismissing Defendant's petition for post-conviction relief, the trial court did not specifically identify with labels or headings its "findings of fact and conclusions of law." The court nevertheless made detailed findings in that regard. The court's explanation of its reason for denying Defendant post-conviction relief is not a bare one. To the contrary, the court's rationale for its decision is clearly set forth in its judgment entry in sufficient detail to satisfy Mapson's policy considerations and enable meaningful appellate review of that decision.
 {¶ 14} Accordingly, the trial court's February 15, 2001 judgment satisfies the requirement in R.C. 2953.21 for findings of fact and conclusions of law. State ex rel Carrion v. Harris (1988),40 Ohio St.3d 19; Johnson, supra. Moreover, the trial court's judgment constitutes a valid judgment and final order from which an appeal can be taken. Johnson, supra.
 {¶ 15} Defendant elected not to appeal from the trial court's judgment and final order dismissing his petition for post-conviction relief. Instead, nearly one year later, on January 11, 2002, Defendant filed a motion requesting findings of fact and conclusions of law with respect to the trial court's earlier dismissal of his petition. The trial court's jurisdiction to grant that relief had terminated when it entered its previous judgment and final order on February 15, 2001, dismissing Defendant's petition for post-conviction relief.
 {¶ 16} Defendant's motion requesting findings of fact and conclusions of law was, in substance a motion for reconsideration. The Ohio Rules of Civil Procedure do not provide for motions for reconsideration after the entry of a valid final judgment. Therefore, motions for reconsideration are null and void, as is a trial court's decision on such motions. Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378. Post-conviction proceedings pursuant to R.C. 2953.21
are civil in nature. Calhoun, supra; State v. Milanovich (1975),42 Ohio St.2d 46. The Rules of Civil Procedure likewise apply, and likewise made no provision for a request for findings and conclusions after a final order is entered.
 {¶ 17} Defendant's January 11, 2002 motion requesting findings of fact and conclusions of law is null and void, as is that portion of the trial court's January 18, 2002 judgment entry overruling that motion. Therefore, Defendant's notice of appeal from the trial court's January 18, 2002 judgment cannot confer appellate jurisdiction upon this court to review the trial court's judgment denying Defendant's request for findings of fact and law to support the court's denial of his post-conviction relief petition. Because we lack jurisdiction to determine the error assigned, that claim must be dismissed.
 FIRST ASSIGNMENT OF ERROR {¶ 18} "The trial court erred in overruling appellant's motion to withdraw his guilty and/or no contest plea without a hearing."
 {¶ 19} A defendant who seeks to withdraw a plea of guilty or no contest after imposition of sentence has the burden of establishing that the withdrawal is necessary to correct a manifest injustice. Crim.R. 32.1; State v. Smith (1977), 49 Ohio St.2d 261. A motion to withdraw a plea of guilty or no contest is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. Id.
 {¶ 20} Appellate review of a trial court's decision on a motion to withdraw a guilty or no contest plea is limited to determining whether the trial court abused it discretion. State v. Peterseim (1980),68 Ohio App.2d 211. An abuse of discretion means more than merely an error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court.State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 21} An evidentiary hearing is not required on a post-sentence motion to withdraw a guilty plea when the record on its face conclusively and irrefutably contradicts the allegations a movant presents in support of the motion to withdraw. State v. Legree (1988), 61 Ohio App.3d 568,574. Defendant alleged that his guilty pleas were not entered knowingly and voluntarily because he tendered those pleas on the understanding that the trial court had promised defense counsel, who conveyed the promise to Defendant, that the trial court would impose the specific sentence recommended by the State as part of the plea agreement if Defendant entered guilty pleas. According to Defendant, after he entered his guilty pleas the trial court reneged on its promise and imposed a much more severe sentence than the State recommended.
 {¶ 22} The State argues that this particular claim is barred by res judicata because it was determined adverse to Defendant in both his prior appeal and the trial court's judgment on his petition for post-conviction relief. We do not agree the required identity of issues exists.
 {¶ 23} The claim raised by Defendant as both assignment of error number three in his direct appeal and the second ground for relief in his post-conviction petition was that Defendant's due process rights were violated when the trial court failed to give him notice before he entered his guilty pleas that it would deviate from the agreed upon sentence. In our opinion that is a different claim from the one presently before us, which asserts that the trial court had promised to impose a specific sentence to induce Defendant's guilty pleas and then failed to abide by that promise at sentencing. Accordingly, res judicata does not bar Defendant's present claim.
 {¶ 24} Turning to the merits of Defendant's claim, the record demonstrates that on January 13, 2000, but one day after the trial court had sentenced Defendant, his trial counsel, Victor Hodge, filed a motion to withdraw Defendant's guilty pleas. Attorney Hodge filed an affidavit verifying the truth of the facts submitted in support of his motion. Those facts allege that during the second day of a jury trial, the trial court initiated plea discussions between the parties in chambers, and that representations were made at that time regarding the sentence that would be imposed. Specifically, that the trial court indicated to Attorney Hodge that, in return for Defendant's guilty pleas, the court would impose the sentence the State had promised to recommend, six months imprisonment for disrupting public services and community control for abduction and domestic violence.
 {¶ 25} Attorney Hodge stated that he then relayed that promise by the trial court to Defendant in order to induce Defendant's guilty pleas, and that Defendant subsequently entered his guilty pleas upon the understanding that the trial court would impose the sentence it had promised. The trial court's subsequent sentence of four years, however, was not consistent with the court's promise to defense counsel and the understanding of the parties at the time Defendant's negotiated pleas were entered.
 {¶ 26} Attorney Hodge is well known to this court, and we are aware of his reputation for integrity. Attorney Hodge's claims point out the risks involved whenever a trial court makes any representations during plea discussions concerning the particular sentence it will or may impose if a plea agreement is reached.Such representations provide a strong inducement for a defendant to change his plea to guilty or no contest when the indicated sentence is substantially less than what Defendant might otherwise receive upon conviction, which is the case here.
 {¶ 27} It is not unheard of for a defendant who relies on such off-the-record promises to then disclaim during the Crim.R. 11 plea colloquy, as Defendant Grigsby did, that no promises were made to induce his plea when, in fact, he relied upon promises that were conveyed to him off-the-record. That presents a problem for an appellate court, which is confined to the record before it in resolving challenges of this kind. When the record irrefutably and conclusively rebuts a defendant's claim that promises were made upon which he relied, we have no choice but to reject his claim. State v. Legree, supra.
 {¶ 28} The State points out, and we agree, that the written plea petitions Defendant executed and signed clearly indicate that Defendant was not promised any particular sentence or any form of leniency in exchange for his guilty pleas. Those plea petitions also indicate that Defendant understood that the sentence that would be imposed was a matter solely within the trial court's control. Moreover, the record of the plea hearing clearly demonstrates that the trial court told Defendant at the time his guilty pleas were tendered and accepted that the court wouldnot be bound by the State's sentencing recommendation. The court informed Defendant that it, and it alone, would decide what sentence to impose, and that while it would consider the State's sentencing recommendations, it would not be bound by them.
 {¶ 29} While these matters weigh heavily against Defendant's claim that he entered his guilty pleas in reliance upon the trial court's alleged promise, this record on its face does not necessarily or conclusively refute Defendant's claim. We would turn a blind eye to reality were we not to recognize that promises are sometimes made off-the-record to induce a defendant's guilty plea, and that sometimes those promises involve assurances about the sentence that will be imposed which are conveyed by the court to counsel who, in turn, conveys those representations to defendant. That is the substance of the claim here.
 {¶ 30} Defendant entered his guilty pleas mid-trial. The pleas were entered to the offenses with which he was charged; the State dismissed no charges. In that circumstance, the only material benefit a defendant might hope to realize is a less onerous sentence than one that might be imposed after a verdict of guilty is returned at the completion of a full trial. That is not improper. The change of plea acknowledges culpability, reflecting a mental attitude more susceptible to rehabilitation. However, it is unlikely that a defendant would change his plea from not guilty to guilty absent some hope or expectation of leniency. Whether, in this instance, that hope or expectation was the product of promises the court had made is not resolved on this record.
 {¶ 31} In light of the particular facts in this case, including Attorney Hodge's sworn statements about the off-the-record assurances he received from the court regarding the sentence that would be imposed in exchange for Defendant's guilty pleas, we conclude that the trial court abused its discretion in failing to hold an evidentiary hearing to resolve those issues before denying Defendant's motion to withdraw his guilty pleas. Absent a hearing it cannot be determined whether such representations were made, whether Defendant relied on them, or whether other matters caused the court to impose a different sentence. It may be that the court became aware of matters through a pre-sentence report that caused it to impose a more stringent sentence. These are matters which bear on Defendant's claim that cannot be resolved on this record.
 {¶ 32} As a final matter, we decline to act on the State's request that we complain of Attorney Hodge's conduct to the Disciplinary Counsel of the Ohio Supreme Court. Any statements Attorney Hodge made or permitted Defendant to make during the Crim.R. 11(C) colloquy to the effect that no promises were made to Defendant to induce his guilty pleas were directly contradicted by Attorney Hodge's subsequent sworn statements. One might argue that he committed a fraud on the court. However, the tenor of his claims is that the court was complicit in such a fraud. We, of course, can't say that it was. As noted above, the pre-sentence investigation report may have revealed matters on which the court properly relied when it imposed a more onerous sentence than the one it had allegedly promised to impose. In consideration of all the circumstances apparent from this record, we believe that Attorney Hodge's immediate and forthright actions on his client's behalf to correct a perceived injustice overcomes the impropriety the State would have us report.
 {¶ 33} The first assignment of error is sustained. The judgment of the trial court denying Defendant's motion to withdraw his guilty pleas is reversed, and the matter is remanded to the trial court for further proceedings.
BROGAN, J. and YOUNG, J., concur.