OPINION *Page 2 
{¶ 1} Defendant-Appellant, Joe Z. Pressley, Jr. appeals the decision of the trial court to deny his petition for post-conviction relief. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} In the late summer of 2005, the Muskingum County Sheriff's Department, with the assistance of a confidential informant, made several controlled buys of cocaine and crack cocaine at the Zanesville residence of Appellant and his co-defendant, Marla Rush.
 {¶ 3} In September 2005, Appellant was indicted on ten felony counts, including drug trafficking, drug possession, and having a weapon while under disability. At his arraignment on September 21, 2005, Appellant pled not guilty to all charges. After unsuccessfully seeking suppression of certain evidence against him, Appellant entered a guilty plea to seven counts on February 27, 2006.
 {¶ 4} On April 3, 2006, Appellant was sentenced to an aggregate prison term of thirteen years, as follows:
 {¶ 5} Count 1: Trafficking in Cocaine (F5): Eleven months.
 {¶ 6} Count 4: Complicity to Trafficking in Cocaine (F3): Three years.
 {¶ 7} Count 6: Complicity to Trafficking in Crack Cocaine (F1): Five years.
 {¶ 8} Count 7: Possession of Crack Cocaine (F1): Five years.
 {¶ 9} Count 8: Possession of Cocaine (F5): Eleven months.
 {¶ 10} Count 9: Possession of Crack Cocaine (F5): Eleven months.
 {¶ 11} Count 10: Having a Weapon While Under a Disability (F3): Three years. *Page 3 
 {¶ 12} Counts 1, 4, 6, 8, and 9 were ordered to run concurrently with each other; Counts 7 and 10 were ordered to run consecutively.
 {¶ 13} On May 2, 2006, Appellant filed an appeal of his convictions and sentences with this court. Appellant then filed a timely petition for post-conviction relief with the trial court on November 28, 2006.
 {¶ 14} In Appellant's direct appeal of his criminal convictions, we affirmed the trial court's decision in State v. Pressley (May 2, 2007), Muskingum County, Case No. CT2006-0033.
 {¶ 15} The trial court denied Appellant's petition for post-conviction relief on May 23, 2007. The trial court's entry stated,
 {¶ 16} "This matter comes before the Court upon Defendant's Petition for Post-Conviction Relief. After consideration, said Motion is Denied." (Judgment Entry, May 23, 2007).
 {¶ 17} Appellant now appeals that decision and raises two Assignments of Error:
 {¶ 18} "I. THE TRIAL COURT COMMITTED PREJUDICIALLY [SIC] ERROR BY FAILING TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO REASONS OF DISMISSAL AND AS TO GROUNDS OF RELIEF RELIED UPON IN DEFENDANT-APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.
 {¶ 19} "II. THE TRIAL COURT IN SENTENCING ERRED BY DEPARTING FROM THE MINIMUM AND CONCURRENT SENTENCE WITHOUT SUBMITTING THE JUDICIAL FACTFINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION BY THE DEFENDANT-APPELLANT, THUS, *Page 4 
VIOLATING DEFENDANT-APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT OF THE UNITED STATES CONSTITUTION."
 I. {¶ 20} Appellant argues in his first Assignment of Error that the trial court erred in denying his petition for post-conviction relief by failing to make findings of fact and conclusions of law.
 {¶ 21} Before we address the merits of the case, however, we must first determine whether the judgment entry which denied Appellant's petition without the inclusion of findings of fact and conclusions of law is a final, appealable order. R.C. 2953.21(C) and (G) require a common pleas court to make and file findings of fact and conclusions of law when it dismisses a post-conviction relief petition.
 {¶ 22} The Ohio Supreme Court has held that a judgment entry denying post-conviction relief without findings of fact and conclusions of law is not a final, appealable order. As a result, a defendant cannot appeal from such an entry. State ex rel. Ferrell v. Clark (1984),13 Ohio St.3d 3, 469 N.E.2d 843; State v. Lester (1975), 41 Ohio St.2d 51,322 N.E.2d 656; State v. Mapson (1982), 1 Ohio St.3d 217, 438 N.E.2d 910. The proper remedy is for a defendant to seek a writ of mandamus directing the trial court to issue findings of fact and conclusions of law.Ferrell, supra. *Page 5 
 {¶ 23} Upon this authority, we hereby dismiss the present appeal for lack of a final, appealable order. This finding makes it unnecessary to reach Appellant's second Assignment of Error.
 By: Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the judgment of the Muskingum County Court of Common Pleas is DISMISSED. Costs assessed to appellant. *Page 1