[Cite as *State v. Hostacky*, 2015-Ohio-419.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   101282

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DENNIS J. HOSTACKY**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-12-567826-A

**BEFORE:**   Keough, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   February 5, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Dennis J. Hostacky, appeals the trial court's decision denying his petition for postconviction relief. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.

{¶2} In May 2013 and following a bifurcated jury and bench trial, Hostacky was convicted of kidnapping, aggravated robbery, theft, carrying concealed weapons, having weapons while under disability, and one- and three-year firearm specifications. A total prison term of eight years was imposed.

{¶3} Hostacky filed a direct appeal with this court raising four assignments of error, including one for ineffective assistance of counsel. *State v. Hostacky*, 8th Dist. Cuyahoga No. 100003, 2014-Ohio-2975

{¶4} While his direct appeal was pending, Hostacky filed a timely petition for postconviction relief contending that his trial counsel was ineffective for failing to (1) conduct a reasonable and timely investigation, (2) call a necessary and available witness of whom he was aware and who was available and willing to testify, and (3) repeatedly and consistently failing to object to highly improper and prejudicial testimony and argument. Attached to his petition were affidavits by his ex-wife, Christy Hostacky, and his aunt, Sandra Hostacky.

{¶5} The trial court summarily dismissed Hostacky's petition without conducting a hearing or issuing findings of fact and conclusions of law.

{¶6} Thereafter, this court affirmed Hostacky's convictions and sentence in part, reversed in part, and remanded the case to the trial court for the limited purpose of merging the two weapons while under disability counts for sentencing. *Hostacky* at ¶ 1.

{¶7} Hostacky appeals from the trial court's decision summarily denying his petition for postconviction relief, asserting the following assignment of error:

The trial court committed error when it denied the petition for post conviction relief without holding a hearing as the petition was based on evidence dehors the record, which if believed, was sufficient to demonstrate that trial counsel's performance was objectively deficient, that the deficiencies undermined the confidence in the verdict, and that but for the deficient performance there is a reasonable probability that there would have been a different outcome at trial, that Mr. Hostacky was accordingly denied his constitutionally protected right to the effective assistance of counsel, and that his conviction was therefore void or voidable.

{¶8} The sole issue raised and identified by Hostacky is whether the trial court erred in failing to conduct a hearing on his petition. However, because the trial court did not issue findings of fact and conclusions of law, we dismiss the appeal because the trial court's journal entry does not constitute a final, appealable order.

{¶9} R.C. 2953.21(C) clearly provides that if the court dismisses or denies a timely petition for postconviction relief, the trial court shall issue findings of fact and conclusions of law. In *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982), the Ohio Supreme Court held that because of the mandates of R.C. 2953.21, "a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom." The court stated:

* * * The obvious reasons for requiring findings are "* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the

appellate courts to properly determine appeals in such a cause." *Jones v. State* (1966), 8 Ohio St.2d 21, 22 [37 O.O. 2d 357]. The exercise of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than [that] he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error.

*Id.* at 219. The court recognized that the findings are "a necessary and essential part of a judgment denying postconviction relief." *Id.*

> A holding to the contrary would not only defeat the purposes of R.C. 2953.21, it would also serve to increase the workload of the already over-burdened and overcrowded courts of appeal and further tax the already scarce state resources. Requiring a petitioner to perfect an appeal without having findings before him would deter judicial economy, for it would guarantee two trips to the appellate court — one to force the findings and another to review the decision on the merits.

*Id. See also State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3, 469 N.E.2d 843 (1984)

**{¶10}** Relying on *Mapson*, this court has previously held that a judgment entry denying or dismissing a timely petition for postconviction relief that does not contain findings of fact or conclusions of law is not a final, appealable order. *See State v. Spencer*, 8th Dist. Cuyahoga No. 81035, 2003-Ohio-287, *State v. Loper*, 8th Dist. Cuyahoga Nos. 81297, 81400, 81878, 2003-Ohio-3213, *In re W.H.*, 8th Dist. Cuyahoga No. 94160, 2010-Ohio-2898.

**{¶11}** In this case, Hostacky's petition was timely filed. The trial court summarily denied the petition without preparing findings of fact or conclusions of law as required pursuant to R.C. 2953.21(C). Accordingly, the trial court's journal entry is not a final, appealable order, and we lack jurisdiction to consider the appeal.

**{¶12}** Dismissed.

It is ordered that the parties share equally in the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR