[Cite as *State v. Thomas*, 2016-Ohio-3327.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103784**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ROBERT LAMAR THOMAS

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-579375-A

**BEFORE:** Jones, A.J., McCormack, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 9, 2016

**ATTORNEYS FOR APPELLANT**

William Norman
Ziad Tayeh
Norman & Tayeh L.L.C.
11509 Lorain Road
Cleveland, Ohio 44111


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Christopher D. Schroeder
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} Defendant-appellant, Robert Thomas, appeals the denial of his postconviction petition. We dismiss for lack of a final, appealable order.

{¶2} In 2013, Thomas was charged with 11 counts of rape, seven counts of kidnapping, and one count of disseminating matter harmful to juveniles. A jury convicted Thomas of five counts of rape and three counts of kidnapping and the trial court sentenced him to 50 years to life in prison and classified him as a Tier III sex offender.

{¶3} Thomas appealed, and this court affirmed his convictions but remanded the case for the limited purpose of considering whether consecutive sentences were appropriate, and, if so, to make the findings as required by R.C. 2929.14(C)(4) on the record and to incorporate those findings into the sentencing entry. *State v. Thomas*, 8th Dist. Cuyahoga No. 101797, 2015-Ohio-3226, ¶ 69. The trial court imposed the same sentence on remand.

{¶4} Thomas appealed his case to the Ohio Supreme Court, but the court dismissed his appeal for want of prosecution. *State v. Thomas*, 143 Ohio St.3d 1482, 2015-Ohio-4046, 38 N.E.3d 903. Thomas then filed a postconviction petition in the trial court, which the state opposed. The trial court denied his petition without issuing findings of fact or conclusions of law.

{¶5} Thomas filed a timely notice of appeal and raises one assignment of error for our review in which he argues that the trial court erred in denying his postconviction petition without issuing findings of fact and conclusions of law as mandated by R.C.

2953.21(C).

{¶6} R.C. 2953.21 addresses initial petitions for postconviction relief. Trial courts are required to issue findings of fact and conclusions of law only in regard to petitions that are timely filed pursuant to R.C. 2953.21(A)(2). *See* R.C. 2953.21(C) and *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), paragraph two of the syllabus; *see also State ex rel. Reynolds v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459, ¶ 6.

{¶7} The state argues that Thomas's petition was untimely pursuant to former R.C. 2953.21(A)(2) because he filed it more than 180 days after the record in his direct appeal was filed; the record in his direct appeal was filed on September 22, 2014, and Thomas filed his postconviction petition on September 23, 2015.

{¶8} R.C. 2953.21 was amended effective March 23, 2015, and changed the deadline for filing petitions for postconviction relief from 180 days to 365 days from the date on which the trial transcript is filed with the court of appeals in the direct appeal, or, if a direct appeal was not pursued, after the expiration of the time in which a direct appeal could have been filed. *See* R.C. 2953.21(A)(2). The state claims that former R.C. 2953.21 applies to this case because Thomas's *conviction* was prior to the amendment's effective date. The state further argues that even if this court were to find that the current version of R.C. 2953.21 applies and Thomas had 365 days in which to file his petition, his petition was still untimely.

{¶9} This court considers the date of the triggering event, i.e., the filing of the postconviction petition, to determine which version of the statute governs. *See State v.*

*Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 43, fn. 4 (appellant filed his motion for postconviction relief before the new version of R.C. 2953.21 took effect so his motion was governed by former version of statute.).

{¶10} Again, R.C. 2953.21 took effect March 23, 2015, and extended the time frame for defendants to file their motions for postconviction relief from 180 days to 365 days. Under former R.C. 2953.21, Thomas's petition would have been due on March 21, 2015. March 21, 2015, was a Saturday. Because the clerk of courts was not open that day, Thomas would have had until Monday, March 23, 2015, to file his petition, which also happened to be the date the current version of R.C. 2953.21 took effect, thereby giving him 365 days in which he could file his postconviction petition.

{¶11} The transcript in Thomas's direct appeal was filed on September 23, 2014. Thomas filed his petition for postconviction relief on September 23, 2015, exactly 365 days after the transcript in his appeal was filed. Therefore, his petition was timely.

{¶12} A trial court must make findings of fact and conclusions of law to support its denial of a timely filed postconviction petition if it finds no grounds for granting relief. *State v. Gilbert*, 8th Dist. Cuyahoga No. 94252, 2010-Ohio-6157, ¶ 8; R.C. 2953.21(G). The Ohio Supreme Court has held that a judgment entry denying postconviction relief without findings of fact and conclusions of law is not a final, appealable order and, as a result, a defendant cannot appeal from such an entry. *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3, 469 N.E.2d 843 (1984); *State v. Mapson*, 1 Ohio St.3d 217, 438 N.E.2d 910 (1982).

**{¶13}** Because the trial court did not issue findings of fact and conclusions of law when it denied Thomas's timely petition for postconviction relief, we hereby dismiss Thomas's appeal for lack of a final, appealable order.

**{¶14}** Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

TIM McCORMACK, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR