[Cite as *State v. West*, 2017-Ohio-7.]

STATE OF OHIO        )             IN THE COURT OF APPEALS
                         )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                          C.A. No.       28250

      Appellee

      v.                               APPEAL FROM JUDGMENT
                                      ENTERED IN THE
JASON WEST                          COURT OF COMMON PLEAS
                                      COUNTY OF SUMMIT, OHIO
      Appellant                 CASE No.      CR 2014 10 3052

DECISION AND JOURNAL ENTRY

Dated: January 4, 2017

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Jason West, appeals from the judgment of the Summit County Court of Common Pleas, denying his petition for post-conviction relief. This Court dismisses his attempted appeal because it is not taken from a final order.

I.

{¶2} Mr. West pleaded guilty to several crimes and was sentenced to a total of ten years of imprisonment. He filed a direct appeal, raising several assignments of error for our review. While that appeal remained pending before this Court, Mr. West filed several pro se motions with the trial court, including: (1) a motion to have his attorney removed from the case; (2) a motion for appointment of counsel; (3) a motion for expert assistance; and (4) a motion to withdraw his guilty plea. Mr. West also filed a timely pro se petition for post-conviction relief. The trial court summarily denied each of these filings in a one-sentence judgment entry.

{¶3}    Mr. West appealed the trial court's decision.  The State moved to dismiss the appeal on the basis that the trial court's judgment entry denying Mr. West's petition for post-conviction relief did not contain the statutorily required findings of fact and conclusions of law.  The State, therefore, argued that the trial court's judgment entry was not a final, appealable order.  In response, Mr. West requested that this Court either rule on his petition for post-conviction relief, or order the trial court to issue findings of fact and conclusions of law so as to render its judgment entry a final, appealable order.

{¶4}    This Court issued a Magistrate's Order deferring our decision on the State's motion to dismiss until the final disposition of the appeal.  The basis for this Court's order was that the judgment entry from which Mr. West appealed also denied other motions, including a motion to withdraw his guilty plea, which did not require findings of fact and conclusions of law in order to be final and appealable.  The order also indicated that the docketing statement suggested that Mr. West's appeal involved more than just an appeal from the denial of his petition for post-conviction relief.

{¶5}    Having now reviewed the briefing in this matter, it is clear that Mr. West has only challenged the denial of his petition for post-conviction relief.  There is no dispute that the trial court's judgment entry denying Mr. West's petition did not contain the required findings of fact and conclusions of law.  *See* R.C. 2953.21(C) ("If the court dismisses the petition [for post-conviction relief], it shall make and file findings of fact and conclusions of law with respect to such dismissal.").  As a result, the trial court's judgment entry is not a final, appealable order with respect to its denial of Mr. West's petition for post-conviction relief.  *State v. Beard*, 9th Dist. Lorain No. 07CA009240, 2008-Ohio-3722, ¶ 2, citing *State v. Mapson*, 1 Ohio St.3d 217, 218 (1982); *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3, 3 (1984) ("A judgment entry filed

without these findings is incomplete, and is not a final, appealable order.").  Mr. West's appeal is dismissed on that basis.

II.

{¶6}  The trial court's judgment entry in this case is not a final, appealable order as it relates to the denial of Mr. West's petition for post-conviction relief.  Mr. West's appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

JASON WEST, pro se, Appellant.

MIKE DEWINE, Attorney General, and MICAH R. AULT, Attorney at Law, for Appellee.