[Cite as *State v. McDaniel*, 2020-Ohio-3893.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,              :

                                                No. 108978

    v.                               :

ARTHUR McDANIEL,                         :

    Defendant-Appellant.             :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 29, 2020

Cuyahoga County Court of Common Pleas
Case No. CR-18-633120-A
Application for Reopening
Motion No. 540125

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee*.

Arthur McDaniel, *pro se*.

LARRY A. JONES, SR., J.:

{¶ 1} Applicant, Arthur McDaniel, seeks to reopen his appeal in *State v. McDaniel*, 8th Dist. Cuyahoga No. 108978 (Jan. 29, 2020). However, the premature pro se appeal from the denial of McDaniel's postconviction relief petition was

dismissed for lack of a final, appealable order. McDaniel's application cannot succeed. Therefore, it is denied.

{¶ 2} In January 2019, McDaniel was convicted of several charges related to the molestation of his stepdaughters. He appealed his convictions to this court. *State v. McDaniel*, 8th Dist. Cuyahoga No. 108282, 2020-Ohio-489. McDaniel filed a timely petition for postconviction relief while the appeal was pending. The trial court denied the petition, but did not issue findings of fact and conclusions of law. On September 9, 2019, McDaniel appealed the denial of his postconviction relief petition, pro se. This court, on January 29, 2020, dismissed the appeal for lack of a final, appealable order, citing *State v. Hostacky*, 8th Dist. Cuyahoga No. 101282, 2015-Ohio-419. After the case was remanded to the trial court, the trial judge issued findings of fact and conclusions of law. McDaniel then filed a notice of appeal from that order, and the appeal is still pending at this time. *State v. McDaniel*, 8th Dist. Cuyahoga No. 109611.

{¶ 3} App.R. 26(B) provides that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." The appeal in the instant case is not an appeal from the judgment of conviction and sentence. This appeal stems from the denial of McDaniel's petition for postconviction relief, which was not decided on the merits, but dismissed because the appeal was premature.[1]

---

[1] *But see State ex rel. Penland v. Dinkelanker*, Slip Opinion No. 2020-Ohio-3774, where the Supreme Court of Ohio overruled two prior cases and determined that the lack of findings of fact and conclusions of law is not a defect that deprives an appellate court

{¶ 4} Further, McDaniel filed the notice of appeal in *McDaniel,* 8th Dist. Cuyahoga No. 108978, pro se, and no appellate counsel was appointed because he was not entitled to counsel in postconviction proceedings. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 126, 679 N.E.2d 1099 (1997); *State v. Glover*, 8th Dist. Cuyahoga Nos. 100330 and 100331, 2014-Ohio-3228. A claim of ineffective assistance of appellate counsel cannot be maintained when no right to counsel exists and none was provided.

{¶ 5} Further, the appeal was not determined on the merits. Therefore, there is nothing to reopen. McDaniel's appeal of his postconviction relief petition is still pending in *State v. McDaniel*, 8th Dist. Cuyahoga No. 109611. McDaniel cannot successfully assert a claim of ineffective assistance of appellate counsel in the present application for reopening.

{¶ 6} Finally, the claims made in the application appear to more appropriately apply to his direct appeal in *McDaniel*, 8th Dist. Cuyahoga No. 108282, 2020-Ohio-489. McDaniel did not file an application to reopen that appeal.

{¶ 7} Application denied.

_____
LARRY A. JONES, SR., JUDGE

EILEEN T. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR

_____

of jurisdiction over an appeal from the denial of a timely filed postconviction relief petition.