[Cite as *State ex rel. Conard v. Sezon*, 2021-Ohio-1371.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. DONTE CONARD, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | **CASE NO. 2020-A-0058** |
| | : | |
| - vs - | : | |
| | : | |
| MARIANNE SEZON (JUDGE) COURT OF COMMON PLEAS ASHTABULA COUNTY, OHIO, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Donte Conard*, pro se, A762-864, Grafton Correctional Institution, 2500 South Avon-Belden Road, Grafton, Ohio 44044 (Relator).

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, Ohio 44047 (For Respondent).

PER CURIAM.

{¶1} Respondent, Judge Marianne Sezon of the Ashtabula County Court of Common Pleas, moves to dismiss relator, Donte Conard's, petition for writ of mandamus. We grant the motion and dismiss the petition.

{¶2} Conard, who is currently incarcerated, alleges that he filed a "PostConviction Petition—Requesting for an Evidentiary Hearing" on October 8, 2020,

and that Judge Sezon denied the petition on November 5, 2020, without filing any findings of fact and conclusions of law. Conard contends the denial is not a final appealable order until findings of fact and conclusions of law are filed. Therefore, Conard requests this court to compel Judge Sezon to issue findings of fact and conclusions of law so that he may initiate an appeal therefrom.

{¶3} "It is well-settled that in order for a writ of mandamus to issue the relator must demonstrate (1) a clear legal right to the relief prayed for; (2) respondents are under a clear duty to perform the acts; and (3) relator has no plain and adequate remedy in the ordinary course of law." (Citations omitted.) *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80, 526 N.E.2d 786 (1988).

{¶4} Judge Sezon moves to dismiss the petition, arguing Conard cannot demonstrate that he has no adequate remedy at law. *See* Civ.R. 12(B)(6) (motion to dismiss for failure to state a claim upon which relief can be granted).

{¶5} "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. Then, before we may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts warranting a recovery." (Internal citations omitted.) *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶6} Assuming Conard's factual allegations are true—that Judge Sezon's denial of his postconviction relief petition did not include findings of fact and conclusions of law—he can prove no set of facts warranting recovery in mandamus. Pursuant to R.C. 2953.23(B), a judgment granting or denying postconviction relief is a final

2

appealable order. R.C. 2953.21(H) requires a trial court to issue findings of fact and conclusions of law when dismissing or denying a postconviction relief petition. Recently, and prior to Conard filing his postconviction relief petition in the trial court, the Supreme Court of Ohio clarified that, "[i]f a trial court errs by failing to issue statutorily required findings of fact and conclusions of law, the petitioner may obtain relief by raising that issue in an appeal from the trial court's judgment." *State ex rel. Penland v. Dinkelacker*, 162 Ohio St.3d 59, 2020-Ohio-3774, 164 N.E.3d 336, ¶ 28, *overruling State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3, 469 N.E.2d 843 (1984) and *State v. Mapson*, 1 Ohio St.3d 217, 438 N.E.2d 910 (1982). Thus, Conard had an adequate remedy at law by way of appeal from Judge Sezon's denial of his postconviction relief petition.

{¶7} Upon construing Conard's allegations in a manner most favorable to him, he fails to state a claim upon which relief in mandamus can be granted. Accordingly, we grant Judge Sezon's motion to dismiss. Civ.R. 12(B)(6); *State ex rel. Kaylor v. Bruening*, 80 Ohio St.3d 142, 144, 684 N.E.2d 1228 (1997).

{¶8} The petition for writ of mandamus is dismissed.


MARY JANE TRAPP, P.J., THOMAS R. WRIGHT, J., MATT LYNCH, J., concur.

3