[Cite as *State ex rel. Chester v. Doherty*, 2024-Ohio-5437.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO ex rel.
ISAAC CHESTER,

        Relator,

        - vs -

BECKY L. DOHERTY,

        Respondent.

CASE NO. 2024-P-0042

Original Action for Writ of Mandamus

---

**P E R   C U R I A M**
**O P I N I O N**

Decided: November 18, 2024
Judgment: Petition dismissed

---

*Isaac Chester*, pro se, PID# A791-522, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44901 (Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1}  This matter is before the court on a petition for a writ of mandamus filed by relator, Isaac Chester ("Mr. Chester"), against respondent, Judge Becky L. Doherty of the Portage County Court of Common Pleas ("respondent"), respondent's Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, and Mr. Chester's motion for summary judgment.  For the reasons that follow, respondent's motion to dismiss is granted, Mr. Chester's petition is dismissed, and Mr. Chester's motion for summary judgment is overruled.

{¶2}     Mr. Chester, who is currently incarcerated, filed a postconviction petition on February 8, 2023, in the Portage County Court of Common Pleas.  On July 27, 2023, respondent denied his petition without a hearing.  Mr. Chester contends respondent failed to comply with R.C. 2953.21(D), (F), and (H) because no hearing was held and there were no findings of fact and conclusions of law in the judgment entry.  Mr. Chester also seeks statutory damages pursuant to R.C. 149.43(C)(2).

{¶3}     Respondent filed a Civ.R. 12(B)(6) motion to dismiss Mr. Chester's petition for failure to state a claim upon which relief can be granted.  Respondent contends that Mr. Chester had an adequate remedy in the ordinary course of law by way of an appeal.

{¶4}     Mr. Chester responded with a motion for summary judgment, in which he argues that a judgment denying a petition for postconviction relief without findings of fact and conclusions of law is not a final appealable order.  Mr. Chester also notes that he filed a motion for leave to file a delayed appeal in this court, but it was overruled, and his appeal was dismissed.

{¶5}     "[I]n order for a writ of mandamus to issue the relator must demonstrate (1) a clear legal right to the relief prayed for; (2) respondents are under a clear duty to perform the acts; and (3) relator has no plain and adequate remedy in the ordinary course of law." *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80 (1988).

{¶6}     "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus."  *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 9.

2

Case No. 2024-P-0042

{¶7} Mr. Chester is correct insofar as "R.C. 2953.21 requires a trial court to issue findings of fact and conclusions of law when dismissing or denying a postconviction-relief petition. R.C. 2953.21(H) states, 'If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition.' *See also* R.C. 2953.21(D). And if a court fails to do so, its decision is subject to reversal on appeal." *State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 20.

{¶8} However, in *Dinkelacker*, contrary to Mr. Chester's assertion, the Supreme Court of Ohio clarified that "[t]he statutory mandate that a trial court issue findings of fact and conclusions of law does not transform the trial court's failure to do so into a jurisdictional defect," i.e., a lack of a final appealable order. *Id.* at ¶ 21. Rather, it is "an error that may be corrected through an appeal." *Id.* at ¶ 3. The court explicitly overruled its prior decisions in *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3 (1984), and *State v. Mapson*, 1 Ohio St.3d 217 (1982), to the extent they "wrongly suggest that a judgment dismissing or denying postconviction relief is not a final, appealable order if it fails to include findings of fact and conclusions of law." *Id.* at ¶ 29. The court concluded that when the trial court fails to include such findings of fact and conclusions of law, it is "barred from issuing a writ of mandamus [since] the relator has or had an adequate remedy at law to obtain the requested relief." *Id.* at ¶ 6; *see* R.C. 2731.05.

{¶9} In the instant case, the trial court denied Mr. Chester's petition in July 2023. Mr. Chester waited approximately nine months to file a motion for leave to file a delayed appeal of that judgment in May 2024. One month later, this court dismissed Mr.

Case No. 2024-P-0042

Chester's appeal because it was untimely and motions for leave to file a delayed appeal are not applicable to civil appeals.

{¶10} In sum, Mr. Chester had an adequate remedy by law to challenge the trial court's failure to issue findings and conclusions. *Dinkelacker*, 2020-Ohio-3774, at ¶ 6. *See also State ex rel. Conard v. Sezon*, 2021-Ohio-1371, ¶ 6 (11th Dist.) (assuming the relator's factual allegations that the respondent denied his postconviction petition for relief without findings of fact and conclusions of law are true, the relator can prove no set of facts warranting recovery in mandamus).

{¶11} Upon construing Mr. Chester's allegations in a manner most favorable to him, Mr. Chester fails to state a claim upon which relief in mandamus can be granted.

{¶12} Accordingly, we grant respondent's motion to dismiss, dismiss Mr. Chester's petition, and overrule his motion for summary judgment.

MARY JANE TRAPP, J., MATT LYNCH, J., ROBERT J. PATTON, J., concur.

4