## CINCINNATI (city) v CINCINNATI UNION TERMINAL CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided January 13, 1938

John D. Ellis and Henry M. Bruestle, Cincinnati, for appellee.

Taft, Stettinius & Hollister and John H. Moore, Cincinnati, for appellant.

## OPINION

PER CURIAM.

Appeal on questions of law and fact from the Common Pleas Court of Hamilton county, Ohio.

The order appealed from, after a recital of findings of fact and conclusions of law, concludes with the following order:

"Therefore, upon due consideration, the court finds on the issue joined in favor of the plaintiff, and that the plaintiff is entitled to the specific performance of its contract with the defendant, as set forth in the petition and duly approved herein, and that the agreement in the petition mentioned can be fully performed and executed.

"IT IS THEREFORE CONSIDERED, ordered, adjudged, and decreed by the Court that the plaintiff, city of Cincinnati, has performed all of the obligations of the contract on its part to be performed; and that the defendant, The Cincinnati Union Terminal Company, shall construct the viaduct and upon its completion convey the same, together with the title to the land upon which the same is constructed, to the city of Cincinnati, in accordance with the provisions of Ordinance No. 481-1929 of the said city of Cincinnati.

"IT IS FURTHER considered, ordered, adjudged and decreed by the court that unless said defendant proceeds to acquire the necessary real estate required for said structure, in addition to that to which it now holds title, and unless actual execution of the work of erecting said viaduct be commenced within ninety days, this cause shall come on for further hearing for the presentation of testimony as to the value of the additional real estate required, and the cost of the construction and delivery to the city of Cincinnati of the completed viaduct, in order to predicate a further judgment for money, as the court may decree.

"It is further ordered that the plaintiff recover from the defendants its costs herein expended.

"To all of which defendant excepts."

It is necessary that the appeal be predicated upon a judgment of the Common Pleas Court constituting a final order. It is the conclusion of the court that the decree, judgment, or order appealed from in this case does not constitute such final order, and the appeal is, therefore, dismissed.

ROSS, PJ, HAMILTON and MATTHEWS, JJ, concur.