[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Penland v. Dinkelacker*, Slip Opinion No. 2020-Ohio-3774.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3774

THE STATE EX REL. PENLAND *v*. DINKELACKER, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Penland v. Dinkelacker*, Slip Opinion No. 2020-Ohio-3774.]**

*Mandamus—Inmate had adequate remedy at law to raise on direct appeal trial court's failure to issue findings of fact and conclusions of law—A judgment granting or denying postconviction relief is a final, appealable order even if it does not include findings of fact and conclusions of law—State v. Mapson and State ex rel. Ferrell v. Clark overruled—Writ denied.*

(No. 2020-0027—Submitted March 10, 2020—Decided July 22, 2020.)

IN MANDAMUS.

_____

**DEWINE, J.**

{¶ 1} Alex Penland filed two petitions for postconviction relief in the trial court.  The court denied the petitions without making findings of fact and

conclusions of law. Penland appealed the trial court's judgments, and they were affirmed on appeal.

{¶ 2} Penland then instituted this original mandamus action, asking this court to order the trial-court judge to issue findings of fact and conclusions of law. He contends that under this court's decision in *State ex rel. Ferrell v. Clark*, 13 Ohio St.3d 3, 469 N.E.2d 843 (1984), the trial court's judgments did not constitute final, appealable orders because they lacked findings and that therefore, the court of appeals' decision is void for lack of jurisdiction and he is entitled to another appeal. *See also State v. Mapson*, 1 Ohio St.3d 217, 438 N.E.2d 910 (1982) (followed in *Ferrell*). As we explain below, our decisions in *Mapson* and *Ferrell* do not support his claim. Because the trial court's judgments have already been reviewed on direct appeal, Penland had an adequate remedy at law to address the lack-of-findings issue, which precludes mandamus relief. We therefore deny the writ.

{¶ 3} Additionally, we take this opportunity to clarify that a trial court's failure to issue findings of fact and conclusions of law with respect to a judgment denying postconviction relief is an error that may be corrected through an appeal, not a defect depriving the appellate court of jurisdiction over the appeal. To the extent that *Mapson* and *Ferrell* hold that a petitioner seeking postconviction relief may not appeal an adverse judgment unless the judgment entry contains findings of fact and conclusions of law, those decisions are overruled.

*Penland had an adequate remedy at law*

{¶ 4} Penland is currently serving prison sentences for multiple crimes. He alleges that he timely filed two petitions for postconviction relief in September 2016 and that Hamilton County Court of Common Pleas Judge Patrick Dinkelacker summarily overruled them without making findings of fact or conclusions of law, as required by R.C. 2953.21(H). Penland appealed the trial court's denials of his petitions. The First District Court of Appeals did not dismiss his appeals for lack

of a final order; rather, it proceeded to consider the merits of his appeals and affirmed the trial court's judgments.[1]  *State v. Penland*, 1st Dist. Hamilton Nos. C-160820 and C-160797, 2018 Ohio App. LEXIS 880, *2 (Mar. 7, 2018).  Penland took a further appeal to this court, and we declined to accept his case.  153 Ohio St.3d 1433, 2018-Ohio-2639, 101 N.E.3d 465.

{¶ 5} Penland subsequently filed this original mandamus action, asserting that the absence of findings means that the trial court's judgments were not final, appealable orders and the First District therefore lacked jurisdiction to decide his appeals.  He asks us to issue a writ of mandamus to compel Judge Dinkelacker to issue a new judgment entry with findings of fact and conclusions of law, so as to enable him to take yet another appeal.

{¶ 6} On its face, this contention precludes mandamus relief.  This court is barred from issuing a writ of mandamus when the relator has or had an adequate remedy at law to obtain the requested relief.  R.C. 2731.05.  Penland had an adequate remedy to challenge the trial court's failure to issue findings and conclusions: he could have raised the error in his direct appeals from the judgments denying postconviction relief.[2]  Penland cannot now obtain another appeal simply because he subsequently became aware of an error in the prior proceedings.

---

1. The First District determined that although the trial court entered judgments denying Penland's petitions for postconviction relief, the petitions themselves were not made a part of the record in the trial court.  As the appellant, it was Penland's obligation to ensure that a complete record was presented for review. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 19, 520 N.E.2d 564 (1988); *see also* App.R. 9(E) (setting forth procedures for modification or correction of the record).

2. Indeed, Penland did raise that argument on direct appeal—but not until he sought this court's review.  Because he did not assert that argument in the court of appeals, the First District did not address the lack-of-findings issue in its decision.

*Our precedent does not allow Penland to avoid the lack-of-adequate-remedy requirement*

{¶ 7} Penland's argument that the First District lacked jurisdiction over his appeals is premised on this court's decisions in *Mapson*, 1 Ohio St.3d 217, 438 N.E.2d 910 (1982), and *Ferrell*, 13 Ohio St.3d 3, 469 N.E.2d 843 (1984). But as we will explain, those cases do not compel the result Penland seeks.

{¶ 8} In *Mapson*, this court was asked to determine the point at which the time to appeal a trial court's judgment denying postconviction relief began to run under App.R. 4. The question arose because the trial court had denied the motion in a judgment entry stating that it had separately filed findings of fact and conclusions of law, but in fact the trial court did not file the findings and conclusions until many months later. This court determined that the time for the petitioner to appeal had not commenced until the complete judgment had been entered on the docket—which included the court's separate entry containing its findings of fact and conclusions of law.

{¶ 9} That result could easily have been justified under the familiar rule that when a judgment entry contemplates further action by the trial court, the judgment is not final until the trial court takes those steps. *See, e.g.*, *State ex rel. Keith v. McMonagle*, 103 Ohio St.3d 430, 2004-Ohio-5580, 816 N.E.2d 597, ¶ 4; *Cincinnati v. Cincinnati Union Terminal Co.*, 27 Ohio Law Abs. 264, 31 N.E.2d 888 (1st Dist.1938). But the *Mapson* court didn't rely on this rule. Instead, it based its decision on policy considerations, opining that it would be inefficient to require a petitioner to institute an appeal without findings of fact because "it would guarantee two trips to the appellate court—one to force the findings and another to review the decision on the merits." *Mapson* at 219.

{¶ 10} It's not clear that the court in *Mapson* intended to create a new finality requirement. *Mapson* does not address R.C. 2953.23(B), the statute governing finality on decisions awarding or denying postconviction relief, nor does

it consider R.C. 2505.02, the statute defining final orders generally. There is simply no mention at all of finality in *Mapson*.

{¶ 11} A couple of years after *Mapson*, though, this court decided *Ferrell*, 13 Ohio St.3d 3, 469 N.E.2d 843—a per curiam opinion consisting of just six sentences. In *Ferrell*, the relator filed a complaint for a writ of mandamus in the court of appeals, seeking an order compelling the trial court to issue findings of fact and conclusions of law with respect to its denial of his postconviction-relief petition. The court of appeals denied the writ on the rationale that the relator could raise the issue in a direct appeal from the trial court's judgment. This court reversed on the authority of *Mapson*, concluding that the relator did not have an adequate remedy by way of direct appeal because, under *Mapson*, he would not have been able to appeal from a nonfinal order.

{¶ 12} Like *Mapson*, *Ferrell* did not consider the relevant jurisdictional statutes. To the contrary, the decision is devoid of legal reasoning. The court issued a writ of mandamus compelling the trial court to issue findings of fact and conclusions of law, saying only that "[m]andamus will lie to compel a court to *proceed* to final judgment in an action for post-conviction relief." (Emphasis added.) *Id.* at 3, citing *State ex rel. Turpin v. Court of Common Pleas*, 8 Ohio St.2d 1, 220 N.E.2d 670 (1966). This language suggests that the court issued the writ so that the relator could take an appeal.

{¶ 13} Thus, *Ferrell* falls within our longstanding rule that writs of mandamus and procedendo are appropriate to direct a court to enter a judgment to enable an appeal to go forward. *See State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 327, 691 N.E.2d 275 (1998) (writ of procedendo was available to order a court to journalize its judgment because "[a]bsent journalization of the judgment, [the relator] cannot appeal it"); *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.2d 332 (1995) (mandamus and procedendo will lie to compel a court to proceed to judgment), citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common*

*Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995), and *Ferrell*. Had the First District dismissed Penland's appeal for lack of a final order, and had Judge Dinkelacker subsequently refused to issue a final order, one could cite *Ferrell* for the proposition that a writ of mandamus would then be appropriate to compel the judge to do so.

{¶ 14} But nothing in *Ferrell* requires that we issue a writ of mandamus compelling a trial court to put on a new final order when the first one already allowed the relator to appeal. Here, the First District, in reaching the merits of the action and affirming the trial court's judgments, implicitly decided that it had jurisdiction over Penland's appeals. Whether that decision was correct or incorrect is beside the point. Penland received what he was entitled to: the opportunity to present his challenge in the court of appeals.

{¶ 15} Indeed, the rule advocated by Penland would throw the doors wide open for seriatim appeals through the use of extraordinary writs. Imagine the number of inmates who might find a decades-old judgment denying a petition for postconviction relief that has already been appealed, discover that the trial court had failed to issue findings of fact and conclusions of law, and seek mandamus relief and a second appeal on the basis that the first appeal was void for lack of jurisdiction. If we adopted Penland's view, they would all be entitled to new appeals.

{¶ 16} That approach would take us well beyond the holdings of *Mapson* and *Ferrell*, and it would still fail to address the clear adequate-remedy problem. Because Penland has already had an appeal, he has received an adequate remedy at law. We are therefore compelled to deny the writ.

*It is time to overrule* Mapson *and* Ferrell

{¶ 17} Correctly understood, *Mapson* and *Ferrell* do not support Penland's claim for relief, and this case may be properly resolved without overruling those decisions. Nevertheless, our review of those cases has convinced us that they were

wrongly decided. And not only were they wrongly decided, but they have caused significant confusion about the appealability of a judgment denying postconviction relief that does not include findings of fact and conclusions of law. *Compare State v. Gholston*, 1st Dist. Hamilton No. C-010789, 2002-Ohio-3674, *with State v. Wilson*, 8th Dist. Cuyahoga No. 70008, 1996 WL 492284 (Aug. 29, 1996). We therefore take this opportunity to clarify that a trial court's failure to issue findings of fact and conclusions of law does not affect a petitioner's ability to appeal a judgment dismissing or denying postconviction relief but is instead an error that may be remedied through an appeal.

{¶ 18} The Ohio Constitution provides that the courts of appeals shall have "such jurisdiction as may be provided by law" to review "judgments or final orders" of inferior courts. Ohio Constitution, Article IV, Section 3(B)(2). The "provided by law" part of the grant has long been understood as tying the court's jurisdictional authority to the statutory enactments of the General Assembly. *See, e.g.*, *State v. Craig*, __ Ohio St.3d __, 2020-Ohio-455, __ N.E.3d __, ¶ 9; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶ 19} Here, the General Assembly has enacted a specific statute establishing the jurisdiction of the courts of appeals to hear appeals from orders granting or denying motions for postconviction relief. R.C. 2953.23(B) provides that "[a]n order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment." Each of Judge Dinkelacker's 2016 orders denying Penland's petitions was inarguably "an order * * * denying relief sought in a petition filed pursuant to section 2953.21." Thus, they were final judgments, subject to appeal.

{¶ 20} It is true, of course, that R.C. 2953.21 requires a trial court to issue findings of fact and conclusions of law when dismissing or denying a postconviction-relief petition. R.C. 2953.21(H) states, "If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions

7

of law and shall enter judgment denying relief on the petition." *See also* R.C. 2953.21(D). And if a court fails to do so, its decision is subject to reversal on appeal. Indeed, that's exactly how this court had handled the problem before *Mapson*. In *State v. Lester*, 41 Ohio St.2d 51, 322 N.E.2d 656 (1975), the court reversed the dismissal of a postconviction-relief petition because the trial court had failed to issue findings of fact and conclusions of law. Indeed, even after *Mapson*, the courts of appeals—like the First District in Penland's prior appeals—have in some cases continued to assume that they had jurisdiction over appeals from judgments that lacked findings of fact and conclusions of law. *See, e.g.*, *State v. Petefish*, 7th Dist. Mahoning No. 11 MA 70, 2012-Ohio-1502, ¶ 9; *Wilson*, 8th Dist. Cuyahoga No. 70008, 1996 WL 492284; *State v. Riggins*, 91 Ohio App.3d 350, 632 N.E.2d 922 (2d Dist.1993).

{¶ 21} The statutory mandate that a trial court issue findings of fact and conclusions of law does not transform the trial court's failure to do so into a jurisdictional defect. That is simply not the way that we handle trial-court errors. Indeed, in other contexts, courts routinely treat the failure to make findings as an error to be corrected on appeal, not one that prevents an appeal. *See, e.g., In re S.W.*, 12th Dist. Butler Nos. CA2006-09-211 and CA2006-10-263, 2008-Ohio-1194 (reversing and remanding for juvenile court to issue statutorily required findings with respect to grant of temporary child custody); *Cole v. Cole*, 5th Dist. Stark No. 2004CA00057, 2004-Ohio-5194 (reversing and remanding for trial court to enter statutorily required findings with respect to child-support award).

{¶ 22} To make fulfillment of the findings requirement a precondition of appellate jurisdiction would be akin to saying that because a trial court failed to make mandatory consecutive-sentencing findings, a defendant could not appeal his or her sentence. Or that because a trial court failed to afford a defendant the right to speak in mitigation, the defendant could not appeal the sentence. Quite simply,

the failure to issue findings of fact and conclusions of law is an error that should be corrected on appeal, not one that prevents an appeal.

{¶ 23} To the extent that *Mapson* and *Ferrell* hold that an order dismissing or denying postconviction relief is not a final judgment unless the order contains findings of fact and conclusions of law, those decisions are inconsistent with R.C. 2953.23(B). Our Constitution gives the legislature, not the judiciary, the power to define the jurisdictional boundaries of the courts of appeals. We do not have the authority to simply make up jurisdictional rules. This court's failure to account for the jurisdictional statute is fatal to its holdings in *Mapson* and *Ferrell*, and we therefore conclude that those decisions are no longer viable.

{¶ 24} In *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, this court provided a set of useful, though nonexclusive, considerations in determining whether to overrule precedent. *See id.* at paragraph one of the syllabus. We have utilized the test at times in overruling prior decisions, *see, e.g.*, *State ex rel. Klein v. Precision Excavating & Grading Co.*, 155 Ohio St.3d 78, 2018-Ohio-3890, 119 N.E.3d 386, but we have also overruled prior decisions without explicitly applying the test, *see, e.g.*, *State v. Harper*, __ Ohio St.3d __, 2020-Ohio-2913, __ N.E.3d __.

{¶ 25} For those who find the *Galatis* factors useful in determining whether to overrule precedent, those factors all counsel in favor of doing so here. First, *Mapson* and *Ferrell* were wrongly decided. *See Galatis* at paragraph one of the syllabus. Unless one believes that judges, not the legislature, possess the authority to set the jurisdiction of the courts, that point is inarguable.

{¶ 26} Second, the decisions defy practical workability. *See id.* Penland's proposed resolution of this case—effectively declaring his prior appeals and the appellate court's judgment therein a nullity—demonstrates as much. Indeed, in another context, we recently overruled precedent that had allowed judgments to be challenged indefinitely, in large part because the lack of finality occasioned by

adherence to our precedent had proved unworkable. *See Harper* at ¶ 39. Furthermore, *Mapson* and *Ferrell* have the unfortunate impact of forcing defendants (the vast majority of whom are proceeding pro se) to resort to an extraordinary writ to address a trial court's error in failing to issue findings of fact and conclusions of law, rather than simply allowing the error to be corrected through the ordinary remedy of appeal. Indeed, *Mapson* is a good example of the problems this court creates when it reaches a results-oriented decision without appropriate consideration of the statutory framework or the implications for other cases: the case was decided with the aim of allowing the defendant in that case to appeal, but its practical effect has been to cut off the rights of defendants to appeal trial-court errors in failing to issue findings and conclusions.

{¶ 27} Finally, there are no appreciable reliance interests that would be disrupted. *See Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at paragraph one of the syllabus. No litigant can reasonably be said to have a reliance interest in being prevented from seeking relief in the court of appeals when the trial court has failed to comply with its statutory duties.

{¶ 28} In short, there are good reasons to overrule *Mapson* and *Ferrell*, and we think it appropriate to do so now. We therefore hold that pursuant to R.C. 2953.23(B), a judgment granting or denying postconviction relief is a final, appealable order. If a trial court errs by failing to issue statutorily required findings of fact and conclusions of law, the petitioner may obtain relief by raising that issue in an appeal from the trial court's judgment.

*Conclusion*

{¶ 29} Penland received an adequate remedy at law by way of his appeals from the trial court's judgments denying postconviction relief, and this court's decisions in *Mapson* and *Ferrell* do not provide a workaround to the adequate-remedy bar. We are therefore precluded from issuing a writ of mandamus in this case. Moreover, because *Mapson* and *Ferrell* wrongly suggest that a judgment

dismissing or denying postconviction relief is not a final, appealable order if it fails to include findings of fact and conclusions of law, we overrule those decisions and clarify that the absence of findings and conclusions does not affect the appealability of the judgment but, rather, is an error that may be corrected on appeal.

{¶ 30} As a final matter, Penland has filed a motion for leave to file a reply to Judge Dinkelacker's answer. Our Rules of Practice do not provide for the filing of a reply to an answer, and such a pleading is allowed under Civ.R. 7(A) only by leave of court. *See* S.Ct.Prac.R. 12.01(A)(2)(b) (providing that the Ohio Rules of Civil Procedure supplement this court's Rules of Practice). Penland fails to present any argument justifying leave in this case, so we deny his motion.

Writ denied.

O'CONNOR, C.J., and KENNEDY and FRENCH, JJ., concur.

DONNELLY, J., concurs in judgment only, with an opinion.

STEWART, J., concurs in judgment only, with an opinion.

FISCHER, J., not participating.

_____

**DONNELLY, J., concurring in judgment only.**

{¶ 31} The postconviction petitions at issue in this mandamus action were lost years ago at the Hamilton County Court of Common Pleas. Although relator, Alex Penland, should not be faulted for the loss, it would be an exercise in futility to order a trial court to issue findings of fact and conclusions of law regarding lost petitions about which the trial court likely has no memory. For that reason, the writ should not issue. But it remains true that the unusual procedural history of Penland's case has produced a manifest injustice. It calls for a solution—perhaps one that is equally unusual—at the trial-court level. It does not call for us to hold forth from the ivory tower. The underlying problem revealed by this mandamus action does not provide this court with an appropriate opportunity for any broad legal holding, let alone the overruling of decades-old precedent.

{¶ 32} According to Penland's complaint, he filed a timely petition for postconviction relief in two criminal cases on September 23, 2016. The trial court summarily denied the petitions just three days later. In an accelerated-calendar judgment entry that is only slightly longer than the trial court's summary denial, the court of appeals noted that Penland's postconviction petition did not appear on either of the dockets for his criminal cases. *State v. Penland*, 1st Dist. Hamilton Nos. C-160820 and C-160797, 2018 Ohio App. LEXIS 880 (Mar. 7, 2018). The appellate court held, in effect, that the trial court was correct in denying the petitions because there were no petitions. Penland spent the next three years filing a variety of motions that appear to solicit proper consideration of the merits of his 2016 postconviction petition, to no avail.

{¶ 33} In a Kafkaesque tangle of mysterious judgment entries, appellate decisions devoid of substance, and summary rejections of further attempts at meaningful review, Penland's due-process rights have suffered. The merits of Penland's postconviction petitions were not appropriately addressed before and cannot be adequately addressed now on the current record, made deficient by the clerk of courts' apparent failure to docket the petitions as required by R.C. 2953.21(B). And Penland cannot receive the level of consideration he was due under R.C. 2953.21 by refiling his postconviction petition, because a new petition would be untimely under the statute. *See* R.C. 2953.21(A)(2).

{¶ 34} The fact that Penland's postconviction petitions failed by getting crushed in the cogs of bureaucratic machinery instead of by rejection on their merits should be just as concerning to the state and the trial court as it is to Penland. I believe that the state and the trial court should come up with an equitable solution to this due-process problem, whether by creative application of the exceptions provided for untimely postconviction petitions under R.C. 2953.23(A) or by some other one-off undertaking. When confronting extraordinary circumstances, we

government actors should refrain from acting like bulldogs or nitpickers and simply be good shepherds of justice.

_____

**STEWART, J., concurring in judgment only.**

{¶ 35} Relator, Alex Penland, is seeking to compel respondent, Hamilton County Court of Common Pleas Judge Patrick Dinkelacker, to issue findings of fact and conclusions of law in support of his orders purporting to deny *nonexistent* petitions for postconviction relief. On direct appeal, in affirming the denial of postconviction relief, the First District Court of Appeals stated: "[T]he record does not reflect the filing * * * of a motion seeking postconviction relief. Therefore, the record cannot be said to manifest the errors of which Penland now complains." *State v. Penland*, 1st Dist. Hamilton Nos. C-160820 and C-160797, 2018 Ohio App. LEXIS 880, *2 (Mar. 7, 2018).

{¶ 36} It is true that Judge Dinkelacker issued orders purporting to deny relief on two petitions for postconviction relief. But given that the First District established that the record did not show that any petition for postconviction relief had been filed, we cannot accept Penland's allegation to the contrary, particularly because he offers no proof to support it. Because there is no indication in the record that the petitions Judge Dinkelacker purported to deny were ever filed, Penland can demonstrate neither a clear legal right to the relief he seeks nor a clear legal duty on the part of the judge to provide it. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6 (setting forth requirements for issuance of writ of mandamus). I would therefore deny the requested writ of mandamus on that basis.

_____

Alex Penland, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for respondent.

_____