[Cite as *State v. Williams*, 2022-Ohio-1572.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210326 |
| | | TRIAL NO. B-1600122 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| JAMES WILLIAMS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:    May 11, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James Williams*, pro se.

**MYERS, Presiding Judge**.

{¶1} Defendant-appellant James Williams appeals the Hamilton County Common Pleas Court's judgment dismissing his R.C. 2953.21 petition for postconviction relief. Because the common pleas court failed to issue findings of fact and conclusions of law—as required by R.C. 2953.21(H)—with its entry dismissing the petition, we are constrained to reverse the trial court's judgment. We remand this cause so that the common pleas court can make the appropriate findings of fact, if any, and conclusions of law.

{¶2} Following a jury trial, Williams was convicted of aggravated vehicular homicide and sentenced to an eight-year prison term. We affirmed his conviction and sentence in *State v. Williams*, 1st Dist. Hamilton No. C-180574, 2020-Ohio-1367, *appeal not accepted*, 159 Ohio St.3d 1447, 2020-Ohio-3712, 149 N.E.3d 527. While his appeal was pending, Williams filed a timely petition for postconviction relief. In his petition, he asserted that he was denied the effective assistance of counsel by his trial counsel's failure to move for dismissal on speedy-trial grounds and failure to argue that the state's evidence required the jury to make improper inferences to determine his guilt. In support, he attached a copy of the transcript of the docket and discussed the witnesses' testimony from the trial. In his petition, Williams requested an evidentiary hearing.

{¶3} The state moved to dismiss Williams's petition, arguing that both grounds for relief were barred by res judicata because they could have been fairly determined on direct appeal without resort to evidence outside the record. In the alternative, the state argued Williams's asserted grounds for relief were meritless, and thus, Williams had not sustained his burden of demonstrating substantive grounds for relief through his petition, the trial record, and other evidence. *See* R.C. 2953.21(D).

{¶4} The common pleas court dismissed Williams's petition as "not well taken," and failed to issue findings of fact or conclusions of law supporting its judgment.

{¶5} Williams now appeals, bringing forth two assignments of error. In his first assignment, he contends that the court erred by dismissing his petition and by failing to make findings of fact and conclusions of law. In his second assignment of error, Williams maintains that the common pleas court violated his due-process rights by failing to make findings and conclusions "explaining why the court failed to order and conduct an evidentiary hearing." We sustain Williams's assignments of error to the extent that they challenge the trial court's failure to make findings and conclusions in compliance with R.C. 2953.21(H).

{¶6} R.C. 2953.21(H) requires the common pleas court to make and file findings of fact and conclusions of law when the court does not find grounds for granting postconviction relief. Findings of fact and conclusions of law are adequate if "they cover and pertain to the materials and determinative issues presented in the petition and adequately apprise the petitioner and the reviewing court of the legal and evidentiary bases for the decision denying the petition." *State v. Lavender*, 1st Dist. Hamilton No. C-210151, 2021-Ohio-4274, ¶ 6, citing *State v. Pickens*, 2016-Ohio-5257, 60 N.E.3d 209, ¶ 18 (1st Dist.). Findings of fact and conclusions of law that summarily dismiss postconviction claims under the doctrine of res judicata must "specify the portions of the files and records which established the bar." *Id.* at ¶ 9. And when dismissing or denying postconviction claims because the petitioner has failed to present substantive grounds for relief, the findings and conclusions must "describe or discuss the substantive issues presented by, or the evidence offered in support of, the claims." *Id.* at ¶ 10.

{¶7} In *Lavender*, this court reversed the common pleas court's judgment denying petitioner's R.C. 2953.21 petition for postconviction relief because the court's findings of fact and conclusions of law did not conform to the requirements of R.C. 2953.21(H). The findings did not specify which claims were barred by res judicata or what parts of the record were found to have established the bar and did not address the material and determinative issues presented by the petitioner. Because the findings and

conclusions were not adequate to their statutory purpose, we remanded the matter to the common pleas court to issue findings of fact and conclusions of law in compliance with R.C. 2953.21(H). *Lavender* at ¶ 11. This same result is mandated here.

{¶8}    In this case, the common pleas court's failure to make any findings and conclusions prejudiced Williams by failing to apprise him of the grounds for the common pleas court's judgment and precluded this court from meaningful judicial review. Accordingly, we reverse the judgment of the common pleas court and remand this cause so that the court may issue findings of fact and conclusions of law in compliance with R.C. 2953.21(H).

Judgment reversed and cause remanded.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.