[Cite as *State v. Cepec*, 2024-Ohio-1412.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | | C.A. No. 23CA0008-M |
|---|---|---|
| Appellant/Cross-Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN E. CEPEC | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellee/Cross-Appellant | | CASE No. 10CR0588 |

## DECISION AND JOURNAL ENTRY

Dated: April 15, 2024

STEVENSON, Presiding Judge.

{¶1} Appellant/Cross-Appellee, the State of Ohio, appeals from the judgment of the Medina County Court of Common Pleas, granting post-conviction relief to Appellee/Cross-Appellant, Steven Cepec, on three of the grounds he raised in his petition. Appellee/Cross-Appellant, Mr. Cepec, also appeals from the portion of the judgment denying him relief on 16 of the grounds he raised in his petition. This Court reverses.

I.

{¶2} A jury found Mr. Cepec guilty of capital murder, murder, felony murder, aggravated robbery, and aggravated burglary. The trial court also found him to be a repeat violent offender. Following the penalty phase of his trial, the jury recommended a sentence of death. The trial court ultimately agreed with that recommendation and imposed the death penalty. The Ohio Supreme Court affirmed Mr. Cepec's convictions and sentence on direct appeal. *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076.

{¶3} Mr. Cepec filed a petition for post-conviction relief and later amended his petition. He asserted 21 grounds for relief. Upon motion of the State, the trial court dismissed his petition without holding a hearing. Mr. Cepec immediately appealed the trial court's decision. This Court dismissed the appeal because the trial court failed to include sufficient findings of fact and conclusions of law on each of Mr. Cepec's grounds for relief. *State v. Cepec*, 9th Dist. Medina No. 19CA0035-M (Aug. 19, 2019).

{¶4} Following our dismissal, the trial court ordered the parties to submit proposed findings of fact and conclusions of law. The parties complied with that order. The trial court reviewed their filings and issued a decision on February 23, 2021. In its February 23rd decision, the trial court found that four of Mr. Cepec's grounds for relief warranted an evidentiary hearing (i.e., grounds for relief 5, 6, 7, and 18). It dismissed grounds for relief 1-4, 8-15, 17, 19, and 21 without a hearing. As to grounds for relief 16 and 20, the trial court reserved ruling on those grounds until the evidentiary hearing could take place. It is undisputed that both of those grounds for relief alleged cumulative error.

{¶5} The trial court held a two-day evidentiary hearing. Thereafter, both parties filed proposed findings of fact and conclusions of law. The trial court reviewed their filings and issued two judgment entries. In its December 17, 2022 entry, the court dismissed Mr. Cepec's 18th ground for relief and granted his petition on grounds for relief 5, 6, and 7. In its supplemental January 13, 2023 entry, the court awarded Mr. Cepec a new trial with respect to the penalty phase of his case.

{¶6} The State now appeals from the trial court's judgment to the extent it granted Mr. Cepec's petition on grounds for relief 5, 6, and 7. Mr. Cepec cross-appeals from the judgment to the extent it either failed to address or rejected his remaining grounds for relief. The State raises

one assignment of error for review. Mr. Cepec raises seven assignments of error for review. To facilitate our analysis, we reorder and consolidate several of the assignments of error.

II.

**{¶7}** Initially, we pause to address our jurisdiction in this matter. This Court's jurisdiction is limited to appeals taken from judgments and final, appealable orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2505.02. In *State v. Mapson*, 1 Ohio St.3d 217 (1982), the Supreme Court held that, to trigger the filing deadline for an appeal, a judgment entry denying post-conviction relief must comply with R.C. 2953.21 by including findings of fact and conclusions of law. This Court relied on *Mapson* when it dismissed Mr. Cepec's first appeal in this matter. *See State v. Cepec*, 9th Dist. Medina No. 19CA0035-M (Aug. 19, 2019).

**{¶8}** Following our dismissal, the Supreme Court revisited its *Mapson* decision in *State ex rel. Penland v. Dinkelacker*, 162 Ohio St.3d 59, 2020-Ohio-3774. The *State ex rel. Penland* Court rejected the notion that a trial court's failure to comply with R.C. 2953.21 results in a jurisdictional defect. *State ex rel. Penland* at ¶ 3. The Supreme Court held that "a trial court's failure to issue findings of fact and conclusions of law does not affect a petitioner's ability to appeal a judgment dismissing or denying postconviction relief but is instead an error that may be remedied through an appeal." *Id.* at ¶ 17.

**{¶9}** It is undisputed that the trial court did not enter judgment on two of Mr. Cepec's grounds for relief (i.e., grounds for relief 16 and 20). Mr. Cepec has challenged the trial court's failure to rule on those grounds for relief as error. *See* Mr. Cepec's Assignment of Error One, *infra*. Pursuant to *State ex rel. Penland*, the trial court's failure to address those grounds for relief is not a jurisdictional defect. *See State ex rel. Penland* at ¶ 17. Accordingly, we will proceed to a merits review.

**MR. CEPEC'S ASSIGNMENT OF ERROR ONE**

**THE TRIAL COURT ERRED WHEN IT DID NOT MAKE FINDINGS AND CONCLUSIONS OF LAW ON THE SIXTEENTH AND TWENTIETH GROUNDS FOR RELIEF.**

{¶10}  In his first assignment of error, Mr. Cepec argues the trial court erred when it failed to make findings of fact and conclusions of law with respect to grounds for relief 16 and 20.  We agree.

{¶11}  When a post-conviction relief petitioner has been sentenced to death, R.C. 2953.21 requires trial courts to make and file findings of fact and conclusions of law in ruling on the individual's petition.  If the court intends to dismiss the petition, "the findings of fact and conclusions of law shall state specifically the reasons for the dismissal of the petition and of each claim it contains."  R.C. 2953.21(D).  If the court intends to deny the petition, "the findings of fact and conclusions of law shall state specifically the reasons for the denial of relief on the petition and of each claim it contains."  R.C. 2953.21(H).  Finally, if the court intends to grant the petition, "the findings of fact and conclusions of law shall state specifically the reasons for the finding of grounds for granting the relief, with respect to each claim contained in the petition."  *Id.*

{¶12}  The record reflects and the State concedes that the trial court never entered judgment on grounds for relief 16 and 20.  In his 16th ground for relief, Mr. Cepec alleged that the cumulative effect of his trial counsel's errors and omissions deprived him of a fair trial with respect to both the guilt and sentencing phases of his trial.  In his 20th ground for relief, Mr. Cepec alleged that the cumulative effect of all the errors and omissions he raised in his petition warranted the granting of a new trial or sentencing hearing.  The trial court reserved ruling on both grounds for relief in its February 23, 2021, but never ultimately ruled on either ground.

{¶13} Upon review, we conclude the trial court erred when it failed to make and file findings of fact and conclusions of law on Mr. Cepec's 16th and 20th grounds for relief. *See* R.C. 2953.21(H). Accordingly, we reverse the judgment of the trial court and remand this matter for the court to issue findings of fact and conclusions of law in compliance with R.C. 2953.21(H). *See State v. Williams*, 1st Dist. Hamilton No. C-210326, 2022-Ohio-1572, ¶ 8; *State v. Porter*, 7th Dist. Belmont No. 20 BE 0033, 2021-Ohio-4630, ¶ 27. Mr. Cepec's first assignment of error is sustained.

## THE STATE'S ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN SUSTAINING GROUNDS FOR RELIEF 5, 6, AND 7 OF CEPEC'S POST-CONVICTION PETITION.**

## MR. CEPEC'S ASSIGNMENT OF ERROR TWO

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED STEVEN CEPEC RELIEF AND/OR AN EVIDENTIARY HEARING ON THE FIRST TO FOURTH AND EIGHT TO NINTH TO TENTH AND TWELFTH TO SIXTEENTH GROUNDS FOR RELIEF.**

## MR. CEPEC'S ASSIGNMENT OF ERROR THREE

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED CROSS-APPELLANT STEVEN CEPEC RELIEF AND/OR EVIDENTIARY HEARING ON THE EIGHTH GROUND FOR RELIEF.**

## MR. CEPEC'S ASSIGNMENT OF ERROR FOUR

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED CROSS-APPELLANT STEVEN CEPEC RELIEF AND/OR AN EVIDENTIARY HEARING ON THE ELEVENTH GROUND FOR RELIEF.**

## MR. CEPEC'S ASSIGNMENT OF ERROR FIVE

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED STEVEN CEPEC RELIEF AND/OR AN EVIDENTIARY HEARING ON THE SEVENTEENTH GROUND FOR RELIEF.**

**MR. CEPEC'S ASSIGNMENT OF ERROR SIX**

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED STEVEN CEPEC RELIEF ON THE NINETEENTH GROUND FOR RELIEF.**

**MR. CEPEC'S ASSIGNMENT OF ERROR SEVEN**

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED CROSS-APPELLANT STEVEN CEPEC RELIEF AND/OR AN EVIDENTIARY HEARING RELIEF ON THE TWENTIETH GROUND FOR RELIEF.**

{¶14} The State's sole assignment of error and Mr. Cepec's remaining assignments of error address other aspects of the trial court's judgment. The State challenges the judgment to the extent it granted Mr. Cepec's petition on three grounds for relief and found he was entitled to a new penalty phase. Mr. Cepec challenges the judgment to the extent it denied him relief on 16 of his grounds for relief.

{¶15} Given our resolution of Mr. Cepec's first assignment of error, we must conclude that any resolution of the remaining assignments of error in this appeal would be premature. We decline the invitation of the parties to address the remaining assignments of error despite our remand. We note that, in grounds for relief 16 and 20, Mr. Cepec included a request for a new trial, not merely a new penalty phase. Were the trial court to afford him that relief on remand, the remaining assignments of error would be rendered moot. Accordingly, we decline to address them at this juncture.

III.

{¶16} Mr. Cepec's first assignment of error is sustained. The remaining assignments of error are premature. The judgment of the Medina County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee.

SCOT STEVENSON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE ZARANEC, Assistant Prosecuting Attorney, for Appellant/Cross-Appellee.

KATHRYN L. SANDFORD and RANDALL L. PORTER, Assistant Public Defenders, for Appellee/Cross-Appellant.