[Cite as *State ex rel. Stansell v. Cuyahoga Cty. Court of Common Pleas*, 2025-Ohio-1664.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE EX REL., MICHAEL      :
STANSELL,

     :

        Relator,

     :           No. 114902

        v.

     :

COURT OF COMMON PLEAS
CUYAHOGA COUNTY,      :

        Respondent.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**DATED:** May 7, 2025

---

Writ of Mandamus
Motion No. 583098
Order No. 584278

---

### *Appearances:*

Michael Stansell, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecutor, *for respondent.*

LISA B. FORBES, P.J.:

{¶ 1} On March 10, 2025, the relator, Michael Stansell, commenced this mandamus action to compel findings of fact and conclusions of law for a

postconviction-relief petition that he filed on April 18, 2024, in the underlying case, *State v. Stansell,* Cuyahoga C.P. No. CR-97-356129-ZA. On March 26, 2025, the respondent, through the Cuyahoga County prosecuting attorney, moved for summary judgment on the grounds that findings of fact and conclusions of law are not required for untimely postconviction-relief petitions. Stansell did not file a timely response. For the following reasons, this court grants the respondent's dispositive motion and denies the application for a writ of mandamus.

{¶ 2} In early 1998, in the underlying case, Stansell pleaded guilty to multiple sexual crimes, including two counts of rape with sexually violent predator specifications, corruption of a minor, gross sexual imposition with sexually violent predator specifications, and pandering sexual material involving a minor. He is serving an aggregate sentence of 20 years to life. Stansell has filed multiple appeals, the latest of which was resolved in June 2021. He has also filed postconviction-relief petitions in 2004, 2019, and 2024.

{¶ 3} Stansell filed the instant postconviction-relief petition on April 18, 2024. On December 2, 2024, the trial court issued the following entry: "Defendant's petition to vacate or set aside sentence filed on April 18, 2024, is denied."

{¶ 4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion,

even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118 (1987). Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45 (1997).

{¶ 5} The Supreme Court of Ohio had ruled that at least for the first timely postconviction-relief petition, there had to be findings of fact and conclusions of law in order to have a final, appealable order. *State v. Mapson,* 1 Ohio St.3d 217 (1982), and *State ex rel. Ferrell v. Clark,* 13 Ohio St.3d 3 (1984). Thus, mandamus was the remedy to obtain findings of fact and conclusions of law if the trial court summarily denied a postconviction-relief petition. However, in *State ex rel. Penland v. Dinkelacker,* 2020-Ohio-3774, ¶ 17, the Supreme Court overruled *Mapson* and *Ferrell* and held that "a trial court's failure to issue findings of fact and conclusions of law does not affect a petitioner's ability to appeal a judgment dismissing or denying postconviction relief but is instead an error that may be remedied through an appeal." Because Stansell has or had an adequate remedy at law to obtain findings of fact and conclusions of law, mandamus will not issue.

{¶ 6} Accordingly, this court grants the respondent's motion for summary judgment and denies the application for a writ of mandamus. Relator to pay costs; costs waived. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶ 7}** Writ denied.

LISA B. FORBES, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR