[Cite as *State ex rel. Parker v. Rice*, 2026-Ohio-607.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. ANTUAN PARKER, | **CASE NO. 2025-T-0093** |
| Relator, | Original Action for Writ of Mandamus |
| - vs - | |
| HONORABLE JUDGE CYNTHIA WESTCOTT RICE, | |
| Respondent. | |

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: February 23, 2026
Judgment: Petition dismissed

*Antuan Parker,* pro se, PID# A800-209, Ross Correctional Institution, P.O. Box 7010, 16149 State Route 104, Chillicothe, OH 45601 (Relator).

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Respondent).

PER CURIAM.

{¶1} On December 22, 2025, Relator, Antuan Parker, filed a "Complaint for Writ of Mandamus" seeking an order compelling Respondent, Honorable Judge Cynthia Westcott Rice, to issue findings of fact and conclusions of law in an entry denying Realtor's Petition for Postconviction Relief. Relator is currently an inmate at Ross Correctional Institution.

{¶2} On December 29, 2025, we issued an Alternative Writ.

{¶3} On January 6, 2026, Respondent filed a Motion to Dismiss pursuant to Civ.R. 12(B)(6). Relator did not respond to the Motion to Dismiss.

{¶4} In the Motion to Dismiss, Respondent argues that Relator failed to state a claim upon which relief can be granted because Relator had an adequate remedy at law by way of filing an appeal of the trial court's judgment entry denying his petition for postconviction relief.

{¶5} "[I]n order for a writ of mandamus to issue the relator must demonstrate (1) a clear legal right to the relief prayed for; (2) respondents are under a clear duty to perform the acts; and (3) relator has no plain and adequate remedy in the ordinary course of law." *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 80 (1988).

{¶6} "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 2006-Ohio-5858, ¶ 9.

{¶7} "R.C. 2953.21 requires a trial court to issue findings of fact and conclusions of law when dismissing or denying a postconviction-relief petition. R.C. 2953.21(H) states, 'If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition.' *See also* R.C. 2953.21(D). And if a court fails to do so, its decision is subject to reversal on appeal." *State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 20.

{¶8} "'The statutory mandate that a trial court issue findings of fact and conclusions of law does not transform the trial court's failure to do so into a jurisdictional

Case No. 2025-T-0093

defect,' i.e., a lack of a final appealable order." *State ex rel. Chester v. Doherty*, 2024-Ohio-5437, ¶ 8 (11th Dist.), quoting *Penland* at ¶ 21. Instead, this is an error that can be addressed by a direct appeal of the judgment, and a court is therefore "barred from issuing a writ of mandamus [since] the relator has or had an adequate remedy at law to obtain the requested relief." *Penland* at ¶ 6.

{¶9}    In this case, Relator has or had an adequate remedy at law to address his contention that the trial court failed to issue findings of fact and conclusions of law as required when Respondent denied his petition for postconviction relief. Thus, assuming all of Relator's factual allegations are true, Relator can prove no set of facts entitling him to the requested relief.

{¶10}  Accordingly, Respondent's Motion to Dismiss is granted, and Relator's "Complaint for Writ of Mandamus" is dismissed.

JOHN J. EKLUND, J., ROBERT J. PATTON, J., SCOTT LYNCH, J., concur.

Case No. 2025-T-0093

# JUDGMENT ENTRY

For the reasons stated in the Per Curiam Opinion of this Court, Respondent's Motion to Dismiss is granted, and Relator's "Complaint for Writ of Mandamus" is dismissed.

Costs are taxed against Relator.

JUDGE JOHN J. EKLUND,
concurs

JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0093