[Cite as *State v. Isom*, 2026-Ohio-1612.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-T-0072 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| DANNY L. ISOM, | Trial Court No. 2023 CR 00794 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: May 4, 2026
Judgment: Reversed and remanded

*Dennis Watkins*, Trumbull County Prosecutor, and *Charles L. Morrow*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Danny L. Isom*, pro se, PID# A811-967, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, OH 43724 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}   Appellant, Danny L. Isom, pro se, appeals the judgment of the Trumbull County Court of Common Pleas, denying his petition for postconviction relief. Appellant, who is incarcerated, has raised one assignment of error arguing that the trial court erred by failing to issue findings of fact and conclusions of law. The State has conceded the error.

{¶2}   Having reviewed the record and the applicable caselaw, we find Appellant's assignment of error to have merit. The trial court summarily dismissed Appellant's petition

for postconviction relief without issuing any findings of fact or conclusions of law. The failure to do so subjects the decision to reversal on appeal.

{¶3} Therefore, the judgment of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded for the trial court to issue findings of fact and conclusions of law as required by R.C. 2953.21(D).

**Substantive and Procedural History**

{¶4} On November 29, 2023, Appellant was indicted by the Trumbull County Grand Jury on one count of Felonious Assault, a second-degree felony in violation of R.C. 2903.11(A)(2), with a firearm specification pursuant to R.C. 2941.145.

{¶5} The matter proceeded to jury trial on April 29, 2024, where Appellant was found guilty.

{¶6} On May 9, 2024, the trial court sentenced Appellant to a minimum of eight years and a maximum of 12 years in prison on the Felonious Assault count, along with an additional three years in prison for the firearm specification, for an aggregate sentence of 11-15 years in prison.

{¶7} Appellant filed a direct appeal, where he raised five assignments of error. On February 24, 2025, this Court affirmed his conviction in *State v. Isom*, 2025-Ohio-604 (11th Dist.).

{¶8} On July 21, 2025, Appellant filed a "Petition for Post-Conviction Relief Pursuant to R.C. 2953.21." His Petition asserted several bases for relief: (1) denial of due process, the right of confrontation, and other rights based on the improper exclusion of exculpatory evidence; (2) ineffective assistance of trial counsel for failing to object to prosecutorial misconduct; (3) the trial court's failure to provide a limiting instruction

relating to prior bad acts evidence admitted during trial; (4) ineffective assistance of trial counsel for failing to object to a lack of black jury venire members; (5) prosecutorial misconduct and due process violations for "Orchestrating a Venire and an All-White Panel of Jurors" and deprivation of a fair trial; (6) ineffective assistance of trial counsel for failing to object to a prospective juror being impaneled after the prospective juror admitted to knowing one of the State's witnesses; (7) denial of due process for the trial judge's failure to recuse due to bias and displaying prejudice in front of the jurors; (8) denial of due process based on the introduction of prior bad acts evidence; (9) denial of due process and a fair trial based on the trial court's misconduct relating to the jury venire; and (10) denial of due process and a fair trial based on the State introducing evidence it knew, or should have known, was false.

{¶9}   On July 25, 2025, the trial court denied Appellant's Petition in a one-page Judgment Entry. The entry stated in full:

> This cause is before the Court on the Pro Se motion of the Defendant, DANNY LEE ISOM JR, for Post Conviction Relief.
>
> Upon full review of the record, the Court finds the motion not well taken and is denied without a hearing.
>
> It is hereby ORDERED, ADJUDGED, AND DECREED that the Defendant continue to serve the sentence previously imposed by this Court.

{¶10}  On October 14, 2025, Appellant filed a Notice of Appeal. In it, Appellant stated that he did not receive the trial court's judgment entry until September 19, 2025. Therefore, the appeal was timely filed.

## Assignment of Error and Analysis

{¶11}  Appellant's sole assignment of error states: "The trial Court erred to the Prejudice of the Appellant's Due Process Rights by failing to Issue findings of fact and

Case No. 2025-T-0072

conclusions of law, Requiring this Matter to Be Remanded with Instructions for the Trial Court to issue findings of fact and conclusions of law." (Capitalization in original.)

{¶12} Appellant argues that the trial court failed to comply with R.C. 2953.21 by failing to make findings of fact and conclusions of law in its denial of his petition for postconviction relief. He therefore seeks for this matter to be remanded to the trial court with orders to issue findings of fact and conclusions of law. In response, the State has conceded that the trial court did not make findings of fact and conclusions of law and agrees that the appropriate remedy is to reverse and remand the case to the trial court.

{¶13} R.C. 2953.21(D), Ohio's postconviction relief statute, provides in pertinent part:

> The court shall consider a petition that is timely filed within the period specified in division (A)(2) of this section even if a direct appeal of the judgment is pending. . . . If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal. If the petition was filed by a person who has been sentenced to death, the findings of fact and conclusions of law shall state specifically the reasons for the dismissal of the petition and of each claim it contains.

{¶14} "The petitioner bears the burden to show via affidavits, the record, and other supporting materials that sufficient operative facts exist which, if true, would establish substantive grounds for postconviction relief." *State v. Hull*, 2020-Ohio-2895, ¶ 11 (11th Dist.). A petitioner seeking to challenge a conviction through a petition for postconviction relief is not entitled to a hearing. *State v. Calhoun*, 1999-Ohio-102, ¶ 13. A trial court may deny a petition for postconviction relief without an evidentiary hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id.* at ¶ 42.

Case No. 2025-T-0072

{¶15}   If the court dismisses a petition for postconviction relief, R.C. 2953.21(D) mandates that it must issue findings of fact and conclusions of law. *Calhoun* at ¶ 44. Findings are required "'to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.'" *Id.*, quoting *Jones v. State*, 8 Ohio St.2d 21, 22 (1966). If a court fails to issue findings of fact and conclusions of law, "its decision is subject to reversal on appeal." *State ex rel. Penland v. Dinkelacker*, 2020-Ohio-3774, ¶ 20.

{¶16}   However, the trial court need not discuss every issue raised or "engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law." *Calhoun* at ¶ 45. A trial court "issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." *Id.* at ¶ 46.

{¶17}   In this case, the trial court totally failed to issue any findings of fact or conclusions of law. This failure subjects the trial court's judgment to reversal. The purpose of issuing findings of fact and conclusions of law is to ensure that the petitioner can assess the grounds for the dismissal and determine whether to appeal the dismissal and what assignments of error to bring. Findings of fact and conclusions of law also enable the appellate court to appropriately function as a court of review.

{¶18}   Accordingly, Appellant's sole assignment of error has merit.

Case No. 2025-T-0072

{¶19} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is reversed, and the matter is remanded to the trial court to issue findings of fact and conclusions of law as required by R.C. 2953.21(D).


MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-T-0072

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is reversed, and the matter is remanded to the trial court to issue findings of fact and conclusions of law as required by R.C. 2953.21(D).

Costs to be taxed against Appellee.

JUDGE JOHN J. EKLUND

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0072