[Cite as *State v. Gray*, 2025-Ohio-363.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

    v.

ALMA R. GRAY

    Appellant

C.A. No.     31184

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR-2019-05-1509

DECISION AND JOURNAL ENTRY

Dated: February 5, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1} Alma Gray appeals from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court reverses and remands the matter for further proceedings consistent with this decision.

I.

{¶2} A grand jury indicted Gray on one count of felonious assault with an accompanying firearm specification, and one count of endangering children. Gray, through counsel, pleaded not guilty by reason of insanity ("NGRI") and requested an NGRI evaluation. The trial court ordered an NGRI evaluation, but Gray did not stipulate as to the results. Gray requested a second NGRI evaluation, which the trial court ordered. Gray did not stipulate as to the results of the second evaluation. Gray then informed the trial court that she intended to undergo a third NGRI evaluation at her own expense. The record does not indicate whether Gray underwent a third NGRI evaluation.

{¶3}     The trial court set the matter for trial.  Gray later withdrew her plea of NGRI and pleaded guilty.  Upon the request of the prosecutor, the trial court dismissed the firearm specification and the count for endangering children.  The trial court then sentenced Gray to an indefinite prison term of four to six years on the count for felonious assault.  Gray appealed the trial court's decision to this Court, but ultimately voluntarily dismissed the appeal.

{¶4}     Several months later, Gray filed a pro se "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" and requested an evidentiary hearing.  Gray also  moved the trial court for order appointing counsel.  In her pro se petition, Gray raised over a dozen constitutional claims, including that she was deprived of her Sixth Amendment right to counsel because her trial counsel rendered ineffective assistance.

{¶5}     Gray later retained counsel who filed an "Amended Petition to Vacate or Set Aside Judgment of Conviction and Sentence" and requested an evidentiary hearing.  In her amended petition, Gray argued that she was deprived of her right to counsel because her trial counsel: (1) failed to properly advise her on whether to accept the State's plea offer; and (2) failed to ensure that the defense's mental health expert would be available for trial.  As a result, Gray claimed that her guilty plea was not knowingly, voluntarily, or intelligently made.

{¶6}     Gray attached an affidavit in support of her amended petition.  In it, Gray averred that her trial counsel informed her prior to the trial date that the State was offering a one-year agreed sentence in exchange for her a guilty plea.  Gray averred that her trial counsel advised her to reject the plea offer because the anticipated testimony from the defense's mental health expert would ensure a verdict of not guilty.  Gray averred that, after rejecting the State's plea offer, her trial counsel informed her that the mental health expert was no longer available to testify at trial.  Gray averred that she pleaded guilty based on this information.  Gray averred that she would have

accepted the State's plea offer had she known the mental health expert would not be available for trial. Consequently, Gray concluded that her trial counsel rendered ineffective assistance, which resulted in her guilty plea not being knowingly, voluntarily, or intelligently made.

{¶7} The State opposed Gray's pro se petition and her amended petition. The State argued, in part, that the State did not offer—nor could it have offered—an agreed one-year prison sentence because the minimum prison sentence for the charge of felonious assault was two years. In support of its position, the State attached an affidavit from a supervising prosecutor who averred that she did not—and would not—approve an agreed one-year prison sentence in Gray's case.

{¶8} The trial court denied Gray's petitions without holding an evidentiary hearing. The trial set forth its reasoning as follows:

> The Court finds that Defendant has failed to meet the standard set forth in R.C. 2953.21. The Court finds that Defendant's affidavit is insufficient to raise an issue for a hearing in this matter and that the evidence submitted by the State belies Defendant's affidavit. Further significant, the Court finds no merit in Defendant's arguments related to the insanity defense. Under the circumstances presented, the Court finds good cause to deny Defendant's Petitions to Vacate or Set Aside Judgment.

Gray now appeals the trial court's judgment, raising two assignments of error for this Court's review.

## ASSIGNMENT OF ERROR I

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION AND SENTENCE WITHOUT GRANTING AN EVIDENTIARY HEARING, BECAUSE THE TRIAL COURT'S FINDINGS OF FACT WERE NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

{¶9} In her first assignment of error, Gray argues that the trial court abused its discretion when it denied her petitions for postconviction relief because the trial court's "nearly nonexistent" findings of fact were not supported by competent, credible evidence. Gray also argues that the trial court erred by not holding an evidentiary hearing on her petitions. For the following reasons, this Court sustains Gray's first assignment of error.

{¶10} "If a trial court dismisses a petition for post-conviction relief, 'it shall make and file findings of fact and conclusions of law with respect to such dismissal.'" *State v. Meyerson*, 2023-Ohio-708, ¶ 41 (9th Dist.), quoting R.C. 2953.21(D). "This requirement is necessary 'to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause.'" *Meyerson* at ¶ 41, quoting *State v. Calhoun*, 86 Ohio St.3d 279, 291 (1999).

{¶11} As the Ohio Supreme Court has explained, a "trial court need not discuss every issue raised by appellant or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law." *Calhoun* at 291. Rather, a trial court "issues proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." *Id.* at 292. Relatedly, if a trial court discounts the credibility of an affidavit when reviewing a petition for postconviction relief, the trial court "should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." *Calhoun* at 285.

{¶12} As noted above, the trial court denied Gray's petitions for postconviction relief without holding an evidentiary hearing. The trial court explained its reasoning as follows:

> The Court finds that Defendant has failed to meet the standard set forth in R.C. 2953.21. The Court finds that Defendant's affidavit is insufficient to raise an issue

for a hearing in this matter and that the evidence submitted by the State belies Defendant's affidavit. Further significant, the Court finds no merit in Defendant's arguments related to the insanity defense. Under the circumstances presented, the Court finds good cause to deny Defendant's Petitions to Vacate or Set Aside Judgment.

{¶13} This Court concludes that the trial court's findings of fact and conclusions of law were not "sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." *Calhoun* at 291-292. In particular, the trial court offered no explanation as to why it found Gray's affidavit "insufficient[,]" nor as to how the State's affidavit "belie[d]" Gray's affidavit. *See Calhoun* at 285. Additionally, the trial court offered no explanation as to why it found "no merit" in Gray's arguments related to her NGRI defense. Simply put, the conclusory nature of the trial court's findings of fact and conclusions of law precludes this Court from conducting a meaningful appellate review. *See id.*; *State v. Evans*, 2012-Ohio-1120, ¶ 7 (9th Dist.), quoting *State v. Mapson*, 1 Ohio St.3d 217, 219 (1982) ("[T]he failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error."). Consequently, this Court reverses the judgment of the trial court and remands the matter for the trial court to issue findings of fact and conclusions of law in compliance with R.C. 2953.21. *See State v. Cepec*, 2024-Ohio-1412, ¶ 13 (9th Dist.). Gray's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION AND SENTENCE WITHOUT GRANTING AN EVIDENTIARY HEARING, BECAUSE THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT HAD NOT ALLEGED SUFFICIENT OPERATIVE FACTS THAT WOULD ESTABLISH THE SUBSTANTIVE GROUNDS FOR RELIEF, IN VIOLATION OF APPELLANT'S RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

**{¶14}** In light of this Court's disposition of Gray's first assignment of error, Gray's second assignment of error is overruled on the basis that it is moot. *See* App.R. 12(A)(1)(c).

III.

**{¶15}** Gray's first assignment of error is sustained. Gray's second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.


APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.