**[Cite as *State v. Gray*, 2025-Ohio-5771.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31459 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALMA GRAY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2019-05-1509 |

DECISION AND JOURNAL ENTRY

Dated: December 26, 2025

SUTTON, Judge

{¶1} Defendant-Appellant, Alma Gray, appeals the judgment of the Summit County Court of Common Pleas dismissing her petition for postconviction relief. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This matter is back before us after our remand to the trial court in *State v. Gray*, 2025-Ohio-363 (9th Dist.). In *Gray* at ¶ 2-5, this Court set forth facts relevant to this appeal as follows:

> A grand jury indicted [Ms.] Gray on one count of felonious assault with an accompanying firearm specification, and one count of endangering children. [Ms.] Gray, through counsel, pleaded not guilty by reason of insanity ("NGRI") and requested an NGRI evaluation. The trial court ordered an NGRI evaluation, but [Ms.] Gray did not stipulate as to the results. [Ms.] Gray requested a second NGRI evaluation, which the trial court ordered. [Ms.] Gray did not stipulate as to the results of the second evaluation. [Ms.] Gray then informed the trial court that she

intended to undergo a third NGRI evaluation at her own expense. The record does not indicate whether [Ms.] Gray underwent a third NGRI evaluation.

The trial court set the matter for trial. [Ms.] Gray later withdrew her plea of NGRI and pleaded guilty. Upon the request of the prosecutor, the trial court dismissed the firearm specification and the count for endangering children. The trial court then sentenced [Ms.] Gray to an indefinite prison term of four to six years on the count for felonious assault. [Ms.] Gray appealed the trial court's decision to this Court, but ultimately voluntarily dismissed the appeal.

Several months later, [Ms.] Gray filed a pro se "Petition to Vacate or Set Aside Judgment of Conviction or Sentence" and requested an evidentiary hearing. [Ms.] Gray also moved the trial court for [an] order appointing counsel. In her pro se petition, [Ms.] Gray raised over a dozen constitutional claims, including that she was deprived of her Sixth Amendment right to counsel because her trial counsel rendered ineffective assistance.

[Ms.] Gray later retained counsel who filed an "Amended Petition to Vacate or Set Aside Judgment of Conviction and Sentence" and requested an evidentiary hearing. In her amended petition, [Ms.] Gray argued that she was deprived of her right to counsel because her trial counsel: (1) failed to properly advise her on whether to accept the State's plea offer; and (2) failed to ensure that the defense's mental health expert would be available for trial. As a result, [Ms.] Gray claimed that her guilty plea was not knowingly, voluntarily, or intelligently made.

{¶3} The trial court denied Ms. Gray's petition and amended petition without holding an evidentiary hearing. *Id*. at ¶ 8. This Court reversed and remanded the trial court's decision, stating:

This Court concludes that the trial court's findings of fact and conclusions of law were not "sufficiently comprehensive and pertinent to the issue to form a basis upon which the evidence supports the conclusion." In particular, the trial court offered no explanation as to why it found [Ms.] Gray's affidavit "insufficient[,]" nor as to how the State's affidavit "belie[d]" [Ms.] Gray's affidavit. Additionally, the trial court offered no explanation as to why it found "no merit" in [Ms.] Gray's arguments related to her NGRI defense. Simply put, the conclusory nature of the trial court's findings of fact and conclusions of law precludes this Court from conducting a meaningful appellate review.

(Internal citations omitted.) *Id.* at ¶ 13.

{¶4} On remand, Ms. Gray moved to set a hearing on this matter. The trial court again, however, denied and dismissed Ms. Gray's petition and amended petition without a hearing.

**{¶5}** Ms. Gray appeals, raising two assignments of error for our review. To facilitate our analysis, we will consider Ms. Gray's assignments of error together.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [MS. GRAY'S] PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION AND SENTENCE, AS AMENDED, WITHOUT GRANTING AN EVIDENTIARY HEARING, BECAUSE THE TRIAL COURT'S FINDINGS OF FACT WERE NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, IN VIOLATION OF [MS. GRAY'S] RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [MS. GRAY'S] PETITION TO VACATE OR SET ASIDE JUDGMENT OF CONVICTION AND SENTENCE, AS AMENDED, WITHOUT GRANTING AN EVIDENTIARY HEARING, BECAUSE THE TRIAL COURT ERRED IN DETERMINING THAT [MS. GRAY] HAD NOT ALLEGED SUFFICIENT OPERATIVE FACTS THAT WOULD ESTABLISH THE SUBSTANTIVE GROUNDS FOR RELIEF, IN VIOLATION OF [MS. GRAY'S] RIGHT TO COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.**

**Postconviction Relief Process**

**{¶6}** "The postconviction relief process is not itself a constitutional right" and petitioners receive no more rights than those granted by the statute. *State v. Wesson*, 2012-Ohio-4495, ¶ 7 (9th Dist.). A petitioner seeking postconviction relief is not automatically entitled to a hearing. *State v. Phillips*, 2002 WL 274637, * 2 (9th Dist. Feb. 27, 2002). "The trial court serves a gatekeeping function in postconviction relief cases-it determines whether the petitioner will even receive a hearing." *Wesson* at ¶ 9, citing *State v. Gondor*, 2006-Ohio-6679, ¶ 51. A trial court considering a timely petition for postconviction relief must first decide whether a hearing is warranted by

determining whether there are substantive grounds for relief with reference to "the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner[.]" R.C. 2953.21(D); *see State v. Calhoun*, 86 Ohio St. 3d 279, 282 (1999). "In reviewing a petition for postconviction relief, 'a trial court should give due deference to affidavits sworn under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact.'" *State v. Palmer*, 2018-Ohio-1486, ¶ 7, quoting *Calhoun* at paragraph one of the syllabus. The *Calhoun* Court explained that, in determining the credibility of supporting affidavits in a postconviction petition, the trial court should consider all relevant factors including:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Calhoun* at 285. "Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." *Id*.

{¶7} This Court's review of a denial of a petition for postconviction relief without a hearing is two-fold: first, we "review the trial court's decision to determine whether its findings are supported by competent and credible evidence" and; second, if the findings are properly supported, we "review[ ] the trial court's decision in regard to its gatekeeping function for an abuse of discretion." *Wesson* at ¶ 11, citing *Gondor* at ¶ 52. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an

abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8}     Here, Ms. Gray filed a petition and an amended petition for postconviction relief wherein she claimed ineffective assistance of trial counsel.  Specifically, Ms. Gray argued her trial counsel was ineffective for advising her not to accept a negotiated plea resolution of this matter which allegedly included a one-year prison term.  Further, Ms. Gray argued her trial counsel was ineffective for failing to obtain an expert who would testify to Ms. Gray's insanity defense.  Ms. Gray, in her amended petition for postconviction relief, attached her own affidavit as support for these arguments.   In her affidavit, Ms. Gray averred she was told by her first trial attorney, and her subsequent trial attorney, that the state offered her a deal to plead to second-degree felony felonious assault and first-degree misdemeanor endangering children for an agreed sentence of one year in prison.  Ms. Gray further averred her second trial attorney advised her not to take this alleged deal because he had a mental health expert and, based upon that expert's testimony, she "could get" a not guilty verdict.  Ms. Gray then averred that, one week prior to trial, this same attorney told her they could not use this mental health expert because he was using this same expert in two other death penalty cases.  Ms. Gray then plead guilty to the charge of felonious assault and the trial court sentenced her to four to six years in prison.

{¶9}     In the State's motion to dismiss Ms. Gray's petition for postconviction relief, the State argued, even with Ms. Gray's supporting affidavit, Ms. Gray has not established substantive grounds for relief pursuant to R.C. 2953.21(D).  The State claimed none of the averments in Ms. Gray's affidavit are true.  In so doing, the State attached a supporting affidavit from Assistant Prosecuting Attorney Jennie Shuki.  In the affidavit, Prosecutor Shuki averred she supervised the prosecutors who handled Ms. Gray's criminal case and any plea offer to reduce a felony to a

misdemeanor would have required her approval. Ms. Shuki averred, "I did not and would not have approved any offer to allow Ms. Gray to plead guilty to only a misdemeanor based on the charges and the facts and circumstances of Ms. Gray's case.[1] Likewise, I did not and would not have approved any offer agreeing to any one-year sentence of incarceration for Ms. Gray." Additionally, Prosecutor Shuki indicated the records maintained by the Summit County Prosecutor's Office "do not show *any offer* was made to Ms. Gray that would have allowed her to plead guilty to only a misdemeanor[,]" or "any sentence of one year of incarceration." (Emphasis added.) The State also explained the statutes in effect at that time allowed the minimum sentence for felonious assault to be two years of imprisonment, and not one year of imprisonment as alleged by Ms. Gray, even without the firearm specification.

{¶10} Further, the State addressed Ms. Gray's argument regarding the alleged promise by her trial attorney for a third mental health expert who would testify on Ms. Gray's behalf. The State argued Ms. Gray's belief that she would qualify for a not guilty by reason of insanity plea was purely speculative as two mental health practitioners already rejected Ms. Gray's contention based upon their examination of Ms. Gray.

{¶11} The trial court, in denying Ms. Gray's postconviction petition without a hearing, stated in relevant part:

> In this case, [Ms. Gray] filed her pro se Petition and outlined a number of alleged Constitutional violations. Included in these was that the State offered a one-year sentence and to drop the firearms specification in exchange for a guilty plea. However, the affidavit provided by the State outlines the highly unlikely nature of this claim as the minimum sentence for her charges is more than double the alleged offer. The affidavit further outlines that no prosecutor with the Summit County Prosecutor's Office had ever made such an offer nor would have done so.

---

[1] The record indicates Ms. Gray attempted to shoot her 15- year-old son who was in his bedroom at the time of the incident.

[Ms. Gray] further stated in her affidavit that her attorney allegedly instructed her not to take the aforementioned plea deal because "the judge may give you some time, but I told the prosecutor no plea deal with jail time," "you'll get probation, [most] likely," "Judge O'Brien is compassionate," and other alleged statements related to [Ms. Gray's] son. However, besides [Ms. Gray's] self-serving statements in her original Petition, there is no evidence of these statements being made. Moreover, the State has provided credible evidence that there was no plea deal in the first place for [Ms. Gray] to accept or reject.

Moreover, [Ms. Gray] stated in her affidavit that there was some unnamed mental health professional who may have provided her with a finding of [incompetency] that would permit her to enter a plea of [not guilty by reason of insanity]. However, [Ms. Gray] has provided no evidence to this end. Moreover, even if this Court was to believe that there was a mental health professional who would contradict two other mental health professionals' opinions of [Ms. Gray], there is no evidence that this would have changed the result of any offered plea deal or trial.

Lastly, to the extent that [Ms. Gray's] Amended Petition elaborates, changes, or corrects any statements, there are a number of inconsistencies that tend to erode any confidence this Court has in the accuracy of [Ms. Gray's] affidavit in support of her Petition.

*This [c]ourt finds that none of the averments in [Ms. Gray's] affidavit can be found credible such that they can be relied upon in granting [Ms. Gray's] Petition.* On the other hand, the record in this case supports that [Ms. Gray's] Petition is without merit and must be denied, and the State has provided credible evidence to the same effect.

(Emphasis added.)

**Ineffective Assistance of Counsel and Evidence Outside the Record**

{¶12} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, Ms. Gray must establish: (1) her counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving there exists a reasonable probability that, were it not for counsel's errors, the result of the proceedings would have been

different. *Id.* at paragraph three of the syllabus. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *State v. Young,* 2015-Ohio-4973, ¶ 6 (9th Dist.), quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The cornerstone of the analysis is whether counsel's deficient performance precluded the defendant from entering a guilty plea that was knowing and voluntary." *Id.*, citing *State v. Atkinson*, 2006-Ohio-5806, ¶ 14 (9th Dist.). "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 2008-Ohio-3108, ¶ 34 (9th Dist.).

{¶13} In analyzing Ms. Gray's postconviction petition, a trial court must undertake a two-part inquiry to determine whether Ms. Gray, who brought forth evidence outside the record of ineffective assistance of counsel in the form of her supporting affidavit, is entitled to a hearing. This inquiry asks: "[h]as the petitioner introduced competent evidence of ineffective assistance that was not included in the trial record? *And if so*, does that evidence present substantive grounds for relief; that is, if believed, would the newly presented evidence-together with any evidence in the trial record-establish that counsel was ineffective?" (Emphasis added.) *State v. Blanton*, 2022-Ohio-3985, ¶ 33.

{¶14} As indicated above, the only evidence supporting Ms. Gray's postconviction petition is her own affidavit wherein she makes claims about what two of her prior attorneys had allegedly told her regarding a plea offer from the State. Ms. Gray averred that, based upon what counsel relayed to her, the State offered her one year of imprisonment if she pleaded guilty to felonious assault and child endangering. Ms. Gray, however, did not include an affidavit from either of her trial attorneys concerning what advice or information they may have given her, or whether the State even extended such a plea offer to Ms. Gray in the first place.

{¶15} Indeed, as the State argued, *there is no evidence of this one-year plea offer to Ms. Gray in the record.* Further, there is no evidence in the record of a third mental health professional or that Ms. Gray ever undertook a third evaluation of this nature. We have reviewed the record and conclude the trial court's finding, that none of the averments in Ms. Gray's affidavit can be found credible such that they can be relied upon in granting Ms. Gray's petition, is supported by competent, credible evidence in the record. Further, based upon this record and our instructions on remand, we cannot say the trial court abused its discretion in exercising its gatekeeping power and denying Ms. Gray's petition for postconviction relief without a hearing.

{¶16} Therefore, because Ms. Gray has failed to introduce competent evidence of ineffective assistance of counsel that was not included in the trial record, the trial court did not err in dismissing her postconviction petition without a hearing. *See Blanton* at ¶ 33.

{¶17} Accordingly, Ms. Gray's first and second assignments of error are overruled.

III.

{¶18} For the forgoing reasons, Ms. Gray's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.